### MRS. C. J. QUANTZ v. CITY OF CONCORD.

(Filed 28 April, 1909.)

**Municipal Corporations—Cities and Towns—Widening Streets—Damages.**

A city is liable to the owner for taking his land in widening its streets in the full amount of the damages, reduced by the value of the benefits conferred by the improvements; and the owner may sue and recover therefor, in contradistinction to those laid in tort where recovery may not be had unless the work was done in an unskillful manner. (The doctrine established in *Jones v. Henderson,* 147 N. C., 120, and that line of cases, distinguished by WALKER, J.)

ACTION tried before *Councill, J.,* and a jury, at January Term, 1909, of CABARRUS.

Defendant appealed.

*Montgomery & Crowell* for plaintiff.
*W. G. Means* and *L. T. Hartsell* for defendant.

WALKER, J. This is a proceeding for the condemnation of a part of the plaintiff's lot, on East Corbin Street, in Concord, for the purpose of widening the street, under Private Laws 1907, ch. 344, sec. 90. The court charged the jury that the plaintiff is entitled to recover the damages which resulted from taking the property, and laid down the correct rule as to the facts and circumstances they might consider, and which the evidence tended to establish, in determining the amount of the damages. In this respect the charge was as favorable to the defendant as the law allowed. It is not necessary to set out the instructions to which exceptions were taken, as the defendant's contention is that the city of Concord is not liable for damages resulting from the grading of streets unless the work is done in an unskillful manner, and for this position counsel cite the following cases: *Wolf v. Pearson,* 114 N. C., 621; *Wright v. Wilmington,* 92 N. C., 156; *Meares v. Wilmington,* 31 N. C., 73; *Jones v. Henderson,* 147 N. C., 120. In those cases the plaintiffs did not sue for compensation rightfully due for the taking of their property, under the power of condemnation given by

the charters of the respective cities, but, in tort, for the damages resulting from the negligent and unskillful manner of repairing or grading the streets.   They were seeking to recover damages, not due by the defendants in the lawful exercise of the right of eminent domain, but for those which were caused by acts not authorized to be done in the appropriation or condemnation of property for public purposes, and the cases cited do not, therefore, apply to the facts of this case.   Here the plaintiff has recovered only such damages as resulted from the taking of and injury to the property, without regard to the manner of doing the work, allowing the defendant a deduction from the damages of any special benefits to the plaintiff's property derived by her from the improvement of the street, and in this respect the court instructed the jury correctly.   *Railroad v. Platt Land,* 133 N. C., 266, in which the rule for measuring the damages in such cases is fully stated and considered by *Justice Connor* for the Court.   The plaintiff has recovered nothing more than the just compensation to which she is entitled for the land appropriated by the city for widening and grading the street.

After a careful examination we find no error in the trial of the case.

No Error.