LOWER CREEK DRAINAGE COMMISSIONERS v. F. B. MITCHELL
AND WIFE.

(Filed 8 December, 1915.)

**1. Evidence—Statutory Powers—Prima Facie Case—Drainage Districts.**

It is within the power of the Legislature to change the existing rules of evidence so as to give to proof of certain facts the effect of establishing *prima facie* a fact in issue, if there is a reasonable relation between the two; and the enactment of sec. 5, ch. 287, Public-Local Laws 1915, amendatory of ch. 46, Public Laws 1911, known as the Drainage act, giving the itemized statement, verified by the tax collector of the district, the effect of *prima facie* evidence of the existence and legality of the taxes assessed as well as of the amount, is a valid exercise by the Legislature of its authority.

**2. Same—Constitutional Law—Federal Constitution.**

Sec. 5, ch. 287, Public-Local Laws 1915, known as the Drainage act, making the itemized statement, verified by the collector of the district, *prima facie* evidence of the existence and legality of the tax assessed, as well as of the amounts, etc., affords the taxpayer opportunity to rebut this evidence with his own evidence, before being called upon to pay, and does not deprive him of his property without due process of law contrary to the inhibition of the Fourteenth Amendment to the Federal Constitution.

APPEAL by defendant from *Adams, J.,* at May Term, 1915, of CALD-WELL.

Action to recover assessments levied against the defendants in Lower Creek Drainage District in Burke and Caldwell counties.

The district was organized under ch. 96, Public Laws 1909, and it is provided therein that the collector shall collect the assessments by civil action, with the right of appeal to the Superior Court, if the action is instituted before a justice of the peace. The original act was amended by ch. 46, Public-Local Laws 1911, which granted additional powers, including the right to levy larger assessments, and, again by ch. 287, Public-Local Laws 1915, the part of the last act which is material to this appeal being as follows:

"SEC. 5. That in all actions now pending or hereafter to be instituted for the collection of taxes under the provisions of said chapter ninety-six, Public Laws of one thousand nine hundred and nine, as amended, the introduction in evidence of a sworn itemized statement of the amount of taxes due to said district, verified by the oath of the collector for the time being, shall be *prima facie* evidence of the existence and legality of the taxes assessed against the party by such statement charged, as well as the amount of taxes due by such party."

On the trial the plaintiff introduced the itemized statement of the amount of the assessment verified by the oath of the collector, and the defendant excepted. The defendant offered no evidence. There was a

verdict and judgment for the plaintiff, and the defendant appealed, assigning the following error:

1st Assignment. In that the holding of the act of 26 February, 1915, constitutional violates the letter and spirit of the 7th section of the Bill of Rights of the Constitution of North Carolina.

2d Assignment. It violates the 8th section of the Bill of Rights.

3d Assignment. It violates the 17th section of the Bill of Rights.

4th Assignment. It violates the 19th section of the Bill of Rights.

5th Assignment. It violates the 35th section of the Bill of Rights.

6th Assignment. It violates the 14th amendment of the Constitution of the United States.

*Squires & Whisnant and M. W. Harshaw for plaintiff.*
*M. V. Wolfe, W. C. Newland and Edmund Jones for defendant.*

ALLEN, J. Statutes similar to the one before us, providing for the drainage of lowlands, have been sustained as a valid exercise of legislative power in several recent decisions. *Adams v. Joyner,* 147 N. C., 83; *Sanderlin v. Luken,* 152 N. C., 738, and others. It is also settled in this State and elsewhere that it is permissible for the General Assembly to give to proof of certain facts the effect of establishing *prima facie* a fact in issue, provided there is a reasonable relation between the two. The same rule prevails as to civil and criminal causes, and was very fully considered in *S. v. Barrett,* 138 N. C., 630.

The Court, in that case, quotes from McLain's Criminal Law as follows: "Laws which prescribe the evidential force of certain facts by enacting that upon proof of such facts a given presumption shall arise, or which determine that facts shall constitute a *prima facie* case against the accused, casting the burden of proof upon him of disproving or rebutting the presumption, are not generally regarded as unconstitutional, even though they may destroy the presumption of innocence. An accused person has no vested right in this or any other presumption or law of evidence or procedure that the lawmaking power cannot, within constitutional limits, deprive him of. The existing rules of evidence may be changed at any time by legislative enactment"; and adds: "The Legislature of this, and, we presume, every other State, has frequently changed the rules of evidence and declared that certain facts or conditions, when shown, shall constitute *prima facie* evidence of guilt. The power to do so has always been sustained."

The rule has been applied in this State as to crimes in the statute against carrying concealed weapons (Rev., sec. 3708), which makes the possession of a deadly weapon named in the statute, about one's person, *prima facie* evidence of concealment; in the statute making the possession of more than one gallon of intoxicating liquors *prima facie* evidence

of having the liquor for sale (*S. v. Wilkerson,* 164 N. C., 431), and in other statutes, and in civil matters, notably as applied to this case, in the statute (Rev., sec. 1625), making a verified, itemized statement of an account *prima facie* evidence of its correctness, which has been sustained in several decisions. *Knight v. Taylor,* 131 N. C., 84; *Claus v. Lee,* 140 N. C., 552.

It will be observed that the statute only makes the itemized statement, verified by the oath of the collector, *prima facie* evidence of the existence and legality of the taxes as well as of the amount, and this permits the introduction of evidence to prove the contrary, and thus gives to the defendant the opportunity of being heard before he is called upon to pay, and, therefore, he is not deprived of his property without due process of law. *Kinston v. Loftin,* 149 N. C., 257; *Kinston v. Wooten,* 150 N. C., 298; *Tarboro v. Staton,* 156 N. C., 508.

In the first of these cases, which is approved in the others, the action was to collect an assessment for street improvements under a statute requiring a suit to be instituted to collect the assessment, and the defendant objected that he had not had notice prior to the levying of the assessment; but it was held that as the assessment had to be enforced in the courts, and as he could be heard when the action was instituted, he was not deprived of his property contrary to the law of the land, the Court saying: "The order for the improvement was formally made, the work has been well done at a reasonable cost, and the amount assessed well within the limit allowed and established by the law; and, in the present suit, instituted as provided by the statute, the defendants have been afforded opportunity to assert and establish every defense available to them, either by reason of irregularity or on the merits. In *Davidson v. New Orleans,* 96 U. S., 104, *Miller, J.,* delivering the opinion of the Court, said: 'That whenever, by the laws of a State, or by State authority, a tax assessment, servitude, or other burden is imposed upon property for the public use, whether it be for the whole State or for some more limited portion of the community, and those laws provide for a mode of confirming or contesting the charge thus imposed in the ordinary courts of justice, with such notice to the person or such proceeding in regard to the property as is appropriate to the nature of the case, the judgment in such proceeding cannot be said to deprive the owner of his property without due process of law, however obnoxious it may be to other objections.' The objection of defendant, therefore, urged on the ground that no proper notice was provided for, cannot be sustained."

We find

No error.