C. C. LEARY AND WIFE v. BOARD OF DRAINAGE COMMISSIONERS OF CAMDEN RUN DRAINAGE DISTRICT AND S. W. GREGORY ET ALS., COMMISSIONERS.

(Filed 13 September, 1916.)

1. **Water and Water-courses—Diverting Waters—Drainage Districts—Damages.**

A district created under the drainage statute is not a political agency of the State, and is liable for the wrongful diversion of water to the damage of a lower proprietor of lands lying beyond the boundaries of the district, when those claiming such damage are in no wise claiming

under such proceedings or under any party thereto. *Newby v. Comrs.*, 163 N. C., 26, cited and distinguished.

## 2. Same—Drainage Commissioners—Negligence—Unauthorized Acts.

The commissioners of a drainage district are without authority to extend its canal beyond the limits of the district in such manner as to divert the flow of the water to the damage of the lands of the proprietor situate beyond its limits; and they are individually liable for such damages as are caused by their unlawful or negligent acts in so doing.

APPEAL by plaintiff from *Bond, J.*, at January Term, 1916, of CURRITUCK.

*Aydlett & Simpson and Ehringhaus & Small for plaintiffs.*
*Ward & Thompson and I. M. Meekins for defendants.*

CLARK, C. J. This is an action against the drainage commissioners as a board, and also individually, for the diversion of water whereby the lands of the plaintiffs outside of, and below, the drainage district have been injured.

The ruling of this Court is well settled that the upper proprietor "may accelerate, but cannot divert," water to the injury of the lower proprietor. It is not controverted, and must be taken as true upon this nonsuit, that the water of the drainage district was diverted by this canal and thrown upon the lands of the plaintiffs to their injury. If the defendants had been an individual proprietor there can be no question of his liability. The sole question raised by the nonsuit granted by the court is whether the defendants are exempt from such liability because it is an incorporated body, known as the "Board of Commissioners of the Drainage District," and are also free from liability individually.

We think they are liable in both capacities. It is true that the drainage district is a quasi-public corporation. *Sanderlin v. Lukens,* 152 N. C., 738; *Drainage Comrs. v. Farm Assn.,* 165 N. C., 697. But it is not a governmental agency, and occupies the same relative position as a railroad company or any similar quasi-public corporation created for private benefit, but endowed with the right of eminent domain and other public functions by reason of the public benefit.

In *Drainage Comrs. v. Webb,* 160 N. C., 594, it was held that "Drainage districts are not regarded as municipal corporations," the Court saying: "The drainage districts have conferred upon them the right of eminent domain, just as a railroad company or an electric power plant has, and for the same reason, that they are quasi-public corporations. But they do not come within the definition of 'municipal corporations' in Constitution, Art. V, sec. 5. They have no governmental taxing power for general purposes. It is true, the formation of these districts is en-

couraged by our statutes, because they are expected to aid largely in the development of the State. But so do railroads, electric power plants, and other quasi-public corporations. No one can contend that the property or bonds of those companies can be exempted from taxation, nor can those of a drainage district."

The above case was cited with approval, *Drainage Comrs. v. Farm Assn.,* 165 N. C., 700, where the Court said: "These drainage districts are not municipal corporations, but are quasi-public corporations." It was also cited with approval in *Southern Assembly v. Palmer,* 166 N. C., 80, where the Court said that the bonds of a drainage district are not exempt from taxation, for that "such district is not endowed with governmental powers for the public benefit, but is more in the nature of a private business enterprise." It is true that the above decisions were as to the exemption of property from taxation; but if the Legislature has no power to expressly exempt such property from taxation because it is not a governmental agency, certainly the drainage district, which is only a quasi-public corporation, cannot be impliedly exempt from all liability for its torts or its contracts. This is not affected by the fact that some of the landowners in the district did not enter the corporation voluntarily.

Drainage districts are favored because of the public benefit, but none the less the prime motive in organizing them is the pecuniary benefit to the corporators. The State confers on them the right of eminent domain, but cannot exempt from taxation or exempt them from liability. They stand on the same footing in these respects with other quasi-public corporations.

The subject is very fully discussed in *Bradbury v. Drainage District* (236 Ill., 36), 19 L. R. A. (N. S.), 991, with many notes, in which it is held: "A drainage district cannot escape liability for injury done by its improvements to lands lying outside of its limits on the theory that it is an involuntary quasi-public corporation, not liable to respond in damages for any of its acts. . . . . The drainage of lands to improve them for agricultural purposes cannot be regarded as an exercise of the police power, so as to exempt the land so drained from liability for injury caused by such district to other land not within the district."

The present case is easily distinguished from *Newby v. Drainage Comrs.,* 163 N. C., 26, because in that case the plaintiff was claiming under a party to the original drainage proceeding and was concluded by the final judgment in that case. His remedy was by motion in that cause. *Banks v. Lane,* 170 N. C., 14; *s. c.,* 171 N. C., 505. In this case the lands of plaintiffs lie outside of the drainage district, and the owners thereof are in no wise claiming under such proceedings, nor under any party belonging to said corporation.

It is not necessary in this case to decide what remedy the plaintiffs would have should they obtain judgment against the drainage district, whether it would be by mandamus to extend the canal past the plaintiffs' land, or to so change it above as not to divert water which otherwise would not naturally come down the canal and flood the plaintiffs' land, or by a mandamus to assess the lands in the district to pay a pecuniary recovery, for the reason that though the nonsuit is set aside, it may be that the plaintiffs will not recover any judgment because of failure of the jury to find that there has been a diversion of the water or any injury sustained by the plaintiffs. In such case any opinion we might now express as to the enforcement of a possible judgment would be *obiter dictum.*

We are also of opinion that though no bad faith or malice on the part of the commissioners individually is indicated in the evidence, they are individually liable because there was no legal authority for them to extend their canal beyond the limits of the district in such a manner as to divert the water upon the lands of the plaintiffs to their detriment. In *Hitch v. Comrs.,* 132 N. C., 573, it was held that even if the commissioners of a county take land for a highway without authority of law, they are liable therefor individually. *A fortiori* the commissioners of a drainage district who construct the canal in such a manner as to illegally divert water upon the lands of plaintiffs outside of the district are individually liable for the injury. This is also true if this injury outside of the limits of the drainage district was caused by the negligence of the commissioners, of which there is allegation and proof. *Tate v. Greensboro,* 114 N. C., 392.

These drainage districts are created for the benefit of the people of the locality, and are favored with certain privileges of eminent domain and otherwise because of the general benefit to the public. But they are not exempt from liability for their torts or contracts. And the commissioners, as their agents, are individually liable if they act illegally or negligently, so as to injure others outside of the district. The judgment of nonsuit is

Reversed.