C. C. LEARY AND WIFE v. CAMDEN RUN DRAINAGE COMMISSIONERS.

(Filed 12 September, 1917.)

**Drainage Districts—Negligence—Waters—Diversion of Flow—Damages.**

The judgment awarding damages to the plaintiff, not residing in a drainage district or party to the proceedings to establish it, for the diversion of the waters by improper ditches, etc., to the injury to his lands, is sustained under the former opinion of the Court, 172 N. C., 25.

APPEAL by defendants from *Bond, J.,* at Special May Term, 1917, of CURRITUCK.

*Aydlett & Simpson and Ehringhaus & Small for plaintiffs.*
*Ward & Thompson for defendants.*

CLARK, C. J. This case was before us at last term, *Leary v. Drainage Comrs.,* 172 N. C., 25, and was fully considered.

On this trial, the evidence showed, as before, that the defendants, through their superintendent, had cut drainage canals whereby large quantities of water were gathered together from some 25,000 acres of land, including a large part of the Fountain tract in the Dismal Swamp and an area known as the Lake lands; that these waters were diverted from their natural flow into the main canal of the defendants' district; were brought through it to a point immediately opposite plaintiffs' lands, and then turned loose; that that canal was cut across one side of a wide area known as the Morgan Swamp, into which plaintiffs' lands had theretofore drained and over which the water would have spread out; that the canal was so negligently cut and the embankments so negligently constructed that the plaintiffs' lands were left abutting upon a jug-shaped swamp area, into which the diverted water was turned, being penned up between the plaintiffs' high land and the canal bank and thus was forced back onto the ditches of the plaintiffs, ponding upon and injuring their lands. It also appeared that the canal was negligently and abruptly stopped at point "400" on the map, just opposite the plaintiffs' lands, and its mouth was left filled with débris, so that water stagnated and overflowed the banks of the canal as above stated. There being no other way for it to go off, the water backed into the plaintiffs' ditches, stopping the flow of water therein from his lands.

The judgment in the proceedings creating the drainage district adopted another and an apparently adequate system of drainage. But its superintendent changed the plans and made the outlet of the main canal five feet narrower and shortened its length a mile and a half.

There was evidence tending to show that the expense thus saved was used in draining the Fountain tract, in which the superintendent was personally interested.

The plaintiffs' lands were entirely out of the drainage district and they were not parties to the proceedings establishing it.

The case has been tried in accordance with the opinion in the case when here before and it is not necessary to repeat what was then said.

Upon careful review of the exceptions taken, we find

No error.