BEAUFORT COUNTY LUMBER COMPANY v. DRAINAGE COMMIS-
SIONERS OF BACK SWAMP DISTRICT ET AL.

(Filed 28 November, 1917.)

### 1. Drainage Districts—Proceedings—Judgments—Estoppel.

Where a drainage district has been established in accordance with the provisions of chapter 442, Laws of 1909, chapter 67, Laws of 1911, and the owner of lands has been given the statutory notice required at the hearings, filed exceptions as to the amount of the assessment against his land, obtained a partial reduction of the amount he claimed, and appealed from the final judgment, but failed to prosecute it: *Held*, the drainage acts are constitutional and valid, affording full and fair opportunity to appear before a court with power to ascertain and determine any and all matters affecting the property interest of the owner, and the judgment entered operated as an estoppel of record.

### 2. Drainage Districts—Timber—Entire Damages—Judgments.

While under the drainage acts no assessments for benefits can be made against the owner of timber interests, only the land itself being liable, the owner of the land and of timber within the district, by the provision of the statute, when made a party to the proceedings and duly notified, is required to present his claim for the entire injury, inclusive of that to his timber, and the damages to the timber should thus be included and allowed in the final judgment in the proceedings.

### 3. Same—Evidence—Jury of View—Constitutional Law.

The drainage act provides that before final award is entered, a careful survey of the proposed canal and lateral branches and map thereof be made, showing plans of the entire district, the route, width of canal and branches, the differing levels, the bottom and grade of proposed improvements, the yards of excavation, with estimated cost, and plans and specifications, thus affording the owner ample data by which a jury of view could make a fair and full estimate of his damages; and objection to the constitutionality of the act, that the claimant is required to make his claim for damages before injury is inflicted, and without means to enable the jury of view to fairly assess them, is untenable.

### 4. Drainage Districts—Entire Damage—Timber—Constitutional Law—Compensation.

The drainage acts contemplate that all damage to the owner of lands shall be assessed, including the taking of his timber necessary to carry out its plans, section 24 being designed to give the owner of the timber the privilege of taking such timber if he so elects; and objection that this section is an unconstitutional taking of the owner's timber and giving it to the contractor, without compensation, cannot be maintained.

### 5. Drainage District—Negligence—Damages—Independent Action.

While in proper instances the owner of land and timber within a drainage district may maintain his independent action to recover substantial damages for the defendant's negligent construction of its canal, it is *Held* in this case, that evidence to the effect that, in the opinion of a witness, it was possible for defendant to have cut some of the trees so as to make them fall entirely on the right of way is too indefinite for him to do so.

### 6. Evidence—Drainage Districts—Lost Records—Secondary Evidence.

In this case it is *Held* that secondary evidence of drainage proceedings was properly admitted under the evidence as to the loss of the original, the regularity of the proceedings not being questioned.

CIVIL ACTION, tried before *Connor, J.,* and a jury, at February Civil Term, 1917, of ROBESON.

On motion by defendants, made in apt time, there was judgment as of nonsuit, and plaintiff excepted and appealed.

*McLean, Varser & McLean for plaintiff.*
*Johnson & Johnson for defendant.*

HOKE, J. A perusal of the record will disclose that the drainage district in question has been duly and regularly established, pursuant to the provisions of the statute applicable (chapter 442, Laws 1909; chapter 67, Laws 1911); that the plaintiffs and all others owning lands or timber interests within the defined area have been duly notified, both of the hearing on the intermediate and final reports; that plaintiff company not only had actual notice, but attended the hearings, certainly the final one, and filed exceptions to the report, insisting on a reduction of the amount assessed against it, and also on the invalidity of the statutes as being violations of the constitutional provisions, both State and Federal, established in protection of the rights of private property; that the exception as to amount was in part sustained, a reduction being ordered, and those as to unconstitutionality of the statute having been overruled and final judgment entered, plaintiff appealed and failed to prosecute the same, thus acquiescing in the final judgment as properly determinative of the rights of the parties in the premises. On this record, the Court is of opinion that such judgment is conclusive of the questions presented, and that the judgment of nonsuit should be sustained.

We have held in numerous cases that these drainage acts are constitutional; and plaintiff having been duly made a party and afforded full and fair opportunity to appear before a court with power to ascertain and determine any and all matters affecting its proprietary interests, the judgment referred to is an estoppel of record against it, and it is no longer open to plaintiff to further litigate the questions presented. *Drainage Commissioners v. Mitchell,* 170 N. C., 324; *Griffin v. Commissioners,* 169 N. C., 642; *Shelton v. White,* 163 N. C., 90; *Newby v. Drainage District,* 163 N. C., 24; *Sanderlin v. Luken,* 152 N. C., 738; *City of Kinston v. Loftin,* 149 N. C., 255; *Davidson v. New Orleans,* 96 U. S., 104.

It is urged for the plaintiff that, while the judgment may conclude as to any and all damages caused to plaintiff's land situate within the drainage district, no such effect should be allowed as to its timber interests; such interests, under the recent decision of *Dover Lumber Co. v. Drainage District* not being involved in the proceedings.

It is the recognized principle that, in order to a full estoppel, the court should have jurisdiction of the subject-matter (*Hobgood v. Hobgood,* 169 N. C., 485), but we do not think the position is open to plaintiff on this record, or that any such effect follows from the decision referred to. In that case it was held that, under the drainage acts, no assessments for benefits could be properly made against the owners of timber interests alone; the statute in terms clearly contemplating that only the land was liable; but it was not at all held that when one owning both land and timber interests within the prescribed area had been made a party and duly notified, he was not required to present a claim for the entire injury suffered. The language of the statute on this subject is—"It shall be the duty of the engineer and viewers to assess the damages claimed by any one that is justly right and due them for land taken, or for inconvenience imposed because of the construction of the improvement, or for any other legal damages sustained. Such damages shall be considered separate and apart from any benefit the land would receive because of the proposed work"—language that is broad enough and clearly intended to include the claim for any and all damages sustained by any party by reason of the proposed canal, certainly to the extent that it was properly constructed and in accord with the plan that had been surveyed and described in the map, etc.

In support of plaintiff's position that the statute is in violation of the company's constitutional rights, it is suggested that plaintiff is required to make its claim for damages before injury is inflicted, and when there is no sufficient means of enabling a jury of view to make any correct estimate of the amount, but, to our minds, the objection is not well taken. Before any final award is made against the claimant or his property,

the act provides that a careful survey of the proposed principal canal and all lateral branches shall be made, and that a full and accurate map' of the same shall be prepared and in evidence, showing the plans of the entire district, the route and width of the canal and all its branches, the differing levels of the various points, the bottom and grade of the proposed improvements, the total yards of excavation, with the estimated cost, and the plans and specifications, and the costs of any other work required to ·be done. These requirements were complied with in the present instance. An accurate map was present at the different hearings, accessible to plaintiff or its agents, and it seems that the managers of plaintiff had a special copy made for the company. It appears, therefore, that ample data are afforded by which any intelligent jury of view could make a fair and full estimate of plaintiff's damage. And the further objection that section 24 of the statute is invalid because it gives the claimant's timber to the contractor without compensation must also be disallowed. Any and all damages done to an, owner's land must be awarded him, including the amount of timber destroyed or that is to be considered in estimating the damages; and this section (24) is designed to extend to the owner the privilege of taking the timber if he so elects. It is conserving to the owner, to that extent, the right to take the timber which would otherwise be taken from him in the legitimate exercise of the powers of eminent domain, recognized and conferred by the statute. It is further contended that the judgment of nonsuit is erroneous because plaintiff company in any event is entitled to recover for the damages caused by defendant's negligence in constructing the canal. It may be, and the authorities seem to hold, that for appreciable damages caused by such negligence, and which the owner could not avoid by reasonable effort on his own part, a recovery might be had, the damages being awarded in the first instance on the theory that the work will be carefully done and in accordance with the plans and specifications. *Duvall v. R. R.,* 161 N. C., 448; *Wood v. Land Co.,* 165 N. C., 367; *Quantz v. Concord,* 150 N. C., 539; *Meares v. Wilmington,* 31 N. C., 73. But there are no facts presented which would uphold any such position. All the actual damages caused by the work, either in appropriation of right of way, the destruction of timber thereon, etc., are or should have been included in the damages awarded pursuant to the statute, and there are no facts in evidence to justify any recovery beyond ·this. The evidence on behalf of plaintiff to the effect that in the opinion of the witness it was possible to have cut the trees so that same should have fallen on the right of way and' so caused no injury whatever to the adjacent property, is entirely too indefinite and uncertain to be made the basis of a recovery, or to justify a reversal of the order of nonsuit. It is of manifest and supreme importance that our extensive lowlands should be reclaimed and added

to the productive resources of the State, and in accord with an enlightened public policy that those who engage in the effort pursuant to the provisions of laws enacted for the purpose should be encouraged. The act itself says, in section 37, that it shall be liberally construed in promotion of their efforts, and it would be contrary to the terms and spirit of the laws and in violation of just principles to hold that a right of action should arise to a claimant because a few trees which might possibly have been felled on the right of way happened to fall on the adjacent lands, and assuredly on this record no actionable negligence has been shown.

The exceptions to the rulings of the court on questions of evidence are without merit. There was no serious question but that the drainage proceedings were complete and in all respects regular, and we think the evidence as to loss of original was sufficient to permit secondary evidence of their contents. Apart from this, the case on appeal seems to show that the portion of the original more directly relevant was later put in evidence by defendants. There is no error, and the judgment of nonsuit must be affirmed.

Affirmed.