OSCAR M. CRAVEN v. THE BOARD OF COMMISSIONERS OF UPPER CODDLE CREEK DRAINAGE DISTRICT.

(Filed 4 December, 1918.)

**Drainage Districts—Owner of Lands—Contracts—Damages—Drainage Commissioners—Judicial Acts—Fraud and Collusion—Individual Liability.**

The relation between the owner of lands within a drainage district created by statute and the commissioners thereof, the former in paying the

assessment levied and the latter in laying out the district, cutting drainage canals, etc., in all respects in accordance with the requirements of the statute, is not in the nature of a contract for the failure to perform which, in respect to cutting a drainage ditch or removing obstructions therefrom, the drainage district is liable to the owner for damages done to his land by improper drainage, the commissioners having the right and power, in the exercise of their judgment, to correct and modify the details of the report of the engineer and viewers; and their acceptance of the work done under a contract in conformity with the maps and plans obtained according to the requirements of the statute, being a .judicial act, it cannot be questioned, except for fraud and collusion, and then only to fix the commissioners with personal and individual liability. Chapter 442, sec. 21, Public Acts of 1909.

ACTION heard upon demurrer to complaint by *Webb, J.,* at May Term, 1918, of IREDELL.

The court sustained the demurrer and dismissed the action. Plaintiff appealed.

*H. P. Grier and A. L. Starr for plaintiff.*
*Zeb V. Turlington for defendant.*

BROWN, J. The complaint alleges, in substance, that plaintiff owns certain lands within the defendant drainage district; that in 1916 defendant "entered into a contract for the cutting of a canal through the lands embraced in said district, including those of plaintiff, which contract provided, among other things, for the cutting said canal to the width and depth as specified in.the plans and specifications of the engineer making the survey of the stream and lowlands; that, based upon said plans and specifications for the cutting of the canal and draining said lowlands, the proper legal authorities of defendant had viewed plaintiff's lands and has assessed against the same the sum of $204.30, which became and was a lien upon the lands of plaintiff within said district, and which plaintiff was required and did pay before said canal was cut through the lands of plaintiff and those lying below his lands on said stream in said district."

The complaint further alleges that defendant did construct, cut, and excavate said canal according to the plans and specifications of the engineer and upon which it had assessed and collected assessment against plaintiff's lands, but failed and neglected to remove obstruction immediately below plaintiff's land in said canal, and failed and neglected to cut said canal and excavate the same to the required depth, so that same was obstructed and prevented the flow of the waters therein, and not of sufficient depth and width to drain the lowlands of plaintiff, whereby said land remained wet and unfit for cultivation and unimproved to the

great damage of plaintiff, to wit, in the sum of $204.30, with interest thereon from the 25th day of November, 1916.

The defendant demurs upon the ground that it is a corporation created by the State for drainage purposes, and that upon the facts stated in the complaint the action cannot be maintained.

A reading of the complaint discloses that this is not an action for damages for negligent performance of duty against the individuals composing the board of commissioners, but an action against the corporation itself for a supposed breach of contract in constructing a canal in which plaintiff seeks to recover the money paid out under the contract and interest on it. This is an erroneous view of the relation existing between plaintiff and defendant. Such relation was not contractual in its nature. The $204.30 was not paid in pursuance of a contract of agreement. It was an assessment levied by law upon the lands of plaintiff for the construction of a drainage canal running through the drainage district. The assessment is not based upon an agreement to pay it or any contract to construct the canal in a certain way. It is based solely upon the cost of the work, the extent and value of the land, and the benefits it would probably receive from this construction of the canal.

The defendant has the power, and, so far as the complaint discloses, employed a competent engineer, who made all the plans and specifications for the construction of the work, and under whose supervision the work was done.

Under the statute, the board of commissioners have the power to correct and modify the details of the report of the engineer and viewers *if in their judgment* they can increase the efficiency of the drainage plan and afford better drainage to the lands in the district without increasing the estimated cost. Chapter 442, sec. 21, Public Acts of 1909.

The acceptance of the work of the contractors as a compliance on their part with the contract was a judicial act of the board of commissioners and cannot be questioned except for fraud or collusion, and then only to make the commissioners personally and individually liable.

Affirmed.