S. H. SPENCER v. A. V. WILLS ET AL.

(Filed 18 February, 1920.)

1. **Drainage Districts—Governmental Agencies—Quasi-Public Corporations —Principal and Agent—Negligence—Torts.**

   Drainage districts formed under the statute are not regarded as governmental agencies to the extent that they are protected from civil actions except when authorized by statute, but are classed with *quasi*-public corporations and are ordinarily liable for their torts and wrongs, which, in proper instances, extend to their participating officers and agents as a personal liability.

2. **Same—Procedure—Unauthorized Departure.**

   The principles that conclude parties to proceedings in the formation of drainage districts under the statute by final judgment, from a recovery of damages to their lands, applies to such as may have accrued in the laying out and the establishment of the district under the procedure prescribed, and does not prevent an injured proprietor, within or without the district, from maintaining his independent action to recover damages caused by an unauthorized and substantial departure from the scheme and plain established by the decrees and orders in the cause, nor where the damage complained of is attributable to the negligence of the company, or its officers or agents in carrying out the proposed work.

3. **Same—Judgments—Estoppel—Actions.**

   In an action against a contractor in cutting canals and doing other work in the establishment of a drainage district under the statute, there was evidence tending to show that the defendant caused damage to plaintiff's land, situated within the district, by the negligent construction of a spillway for the water, not called for in the plans and specifications, from a canal, called for therein: Held, the plaintiff, though a party to the proceedings, was not concluded by the final judgment therein, from recovering his damages in an independent action.

CIVIL ACTION, tried before *Lyon, J.,* and a jury, at October Term, 1919, of HYDE.

The action is to recover damages for alleged negligence of defendant in cutting a spillway in the side of canal whereby a large amount of water was thrown in and upon the lands of plaintiff, causing substantial injury to said land. There was denial of liability by defendant, and, on issues submitted, the jury rendered the following verdict:

"1. Were the plaintiffs' lands and crops damaged by reason of the negligent construction of the spillway by the defendants, as alleged? Answer: 'Yes.'

"2. What damage has the plaintiffs sustained to their crops of 1915? Answer: '$241.'

"3. What permanent damage has the plaintiff sustained to lands? Answer: '$1,100.'

"4. Are the plaintiffs estopped in this action? Answer: 'No'—answered by the court."

Judgment on the verdict for plaintiff, and defendant excepted and appealed.

*Thos. S. Long, Spencer & Spencer, and Daniel & Carter for plaintiff. H. G. Connor, Jr., for defendant.*

HOKE, J. There are facts in evidence on the part of plaintiff tending to show that Mattamuskeet Drainage District has been established pursuant to the statutes regulating the subject, Laws 1909, ch. 509 and ch. 442, and amendments thereto, and in 1915 defendants, as contractors under the authorities of said district, were engaged in cutting East Main Canal, leading from the lake to East Swamp, a distance of a mile or more, plaintiff being a resident of the district and his land lying just south of the canal. That the work was being done with a floating dredge, which operated in the canal, and requiring from 4 to 5 feet of water therein to make it work properly; that after the defendants had cut through plaintiff's land and some distance towards the swamp, a dam was built in the canal between the dredge and the lake in order to hold the necessary amount of water, and the work having proceeded to the boundary, and on to the East Swamp, owing to the excessive rainfall at the time the canal was flooded with too much water, and it became necessary to relieve the pressure by letting out a portion of the water; that, to do this, a spillway was cut in the side of canal, above the dam, 4 to 5 feet wide and 18 inches to 2 feet deep, and extended by a ditch two to three hundred feet into lands of plaintiff as far as a certain road thereon, known as Quaker Road; that this ditch, an extension of the spillway, at some little distance from the canal, cut through a ridge or elevation that had afforded some protection to the arable portion of plaintiff's land, and was stopped at the road without any outlet, and,

through said spillway and drain, large quantities of water from East Swamp and adjacent territory was thrown in and upon plaintiff's lands, destroying the crops for the current year, souring the land, both culti-vated and woodland, so as to cause substantial and permanent damage to same. It was further in evidence, both from witnesses of plaintiff and the defense, that the water flowing out of the spillway, with 10 or 11 hours work by proper ditches, could have been carried back into the canal below the dam, and thus prevented from affecting plaintiff's land to any appreciable extent. There was evidence on part of defendant tending to show that the water let out of this spillway could not have injured plaintiff's land, but the damaged complained of was caused by the excessive rains upon said land, and the rise of waters in the lake so that plaintiff's land was deprived of its usual and proper drainage. It was further shown that while this spillway was no part of the plan of drainage, as set forth in the surveys, plats, etc., it was made to relieve the canal of the excess of water, with the knowledge and approval of commissioners; that defendants intended to cut a spillway for the pur-pose indicated, and these commissioners had afterwards accepted this canal and other dependent portions of the work without objection as to the way the canal had been relieved.

Upon this, the evidence chiefly relevant and sufficiently full to afford a proper apprehension of the questions presented, the jury, accepting plaintiff's version of the matter, has found that the plaintiff's lands were injured by reason of the negligent manner the spillway was con-structed, and, on such finding, we are of opinion that his recovery for the damage suffered has been properly awarded. In *Sawyer v. Camden Run Drainage District,* a case at the present term, we have held that these districts, organized under our law applicable to the subject, are not to be considered as governmental agencies to the extent that they are protected from civil actions except where authorized by statute, but are more properly classed with railroads and other *quasi*-public corpo-rations of like kind, and ordinarily liable for their torts and wrongs, citing *Leary v. Comrs.,* 172 N. C., 25, and other authorities. The *Leary case* holding further that, in proper instances, both the company and its participating officers and agents personally may be sued. It is con-tended for the defendants that the principles of the Leary decision, and others of like kind, do not apply here, because, in that case, the injured claimant was an outsider, whereas, in the present case, he is a party to the proceedings, and concluded by the orders and decrees in the case, and as to the work done pursuant to the same. In various decisions apper-taining to the subject, we have held that parties to proceedings of this character and in reference to their lands situate within the district are estopped from questioning by independent suit the judgment establish-

ing the district or the validity and amount of the assessments made in the cause or the matter of burdens and benefits affecting the property. These, and other like rulings, must be challenged at the proper time and in the course of the proceedings, and unless objection is successfully maintained, the parties are concluded. *Craven v. Comrs.,* 176 N. C., 531; *Lumber Co. v. Comrs.,* 174 N. C., 647; *Griffin v. Comrs.,* 169 N. C., 642; *Newby v. Drainage District,* 163 N. C., 24; *Shelton v. White,* 163 N. C., 90.

But the principle does not apply nor operate to prevent an injured proprietor within or without the district from maintaining suit to recover for the damages done where there has been an unauthorized and substantial departure from the scheme and plan established by the decrees and orders in the cause, nor where the damage complained of is attributable to the negligence of the company or its officers or agents in carrying out the proposed work. It is impossible to anticipate or make adequate provision against damages arising from these sources, and they are not, therefore, usually considered as being within the scope and purview of the suit. Here, as in case of condemnation proceedings, the burdens and benefits are considered and passed upon, and the damages determined on the theory that the work shall be done substantially as planned, and with reasonable care, and, if there is breach of duty in these respects, causing damage, the injured proprietor can assert his claim by independent suit. Assuredly so, unless the law should make adequate provision therefor by appropriate proceedings in the cause. In *Lumber Co. v. Drainage Comrs.,* 174 N. C., 647, decided intimation is given that an action would lie by an injured proprietor within the district for damages caused by negligence in carrying out the work, and such right is directly upheld in *Bunting v. Drainage District,* 99 Neb., 843.

The correct doctrine on this subject is very well stated in the digest of that well considered decision by *Sedgwick, J.,* appearing in L. R. A., 1918 B, pp. 1004 and 1005, as follows:

"1. Local corporations, created by request or consent of the persons residing in the territory incorporated, and principally for their benefit, although they are clothed with powers of a public nature, are liable for damages caused by their negligence.

"2. A drainage district, organized and acting under Rev. Stat., 1913, Art. V, ch. 19, is liable for damages caused by its negligence in the construction of its works.

"3. Condemnation by right of eminent domain is not allowed except so far as it is necessary for the proper construction and use of the improvement for which it is taken.

"4. If the application for condemnation specifies the desired taking and use of certain real estate, and shows that it is necessary for the

improvement contemplated, all damages caused by such taking, properly exercised, will be included in the damages allowed in such proceedings, which will be a bar to any further claims for such damage.

"5. In such case damages caused by the negligent construction of the improvement are not contemplated in the condemnation proceedings, and are not barred thereby.

"6. Damages caused unnecessarily by negligent and improper construction of the improvement cannot be anticipated, and a right of action accrues therefor when the damage occurs."

The general principle has been approved and applied with us in actions for damages caused by change in the grade of streets. Ordinarily such damages are supposed to have been allowed for in the original dedication, but the position does not prevail as a protection against negligence in doing the work. *Harper v. Lenoir,* 152 N. C., 723, citing *Meares v. Wilmington,* 31 N. C., 73, and other cases, and so, in land condemned for railroad purposes, the damages naturally incident to the construction of the road, carried out according to the survey and plans, etc., are covered by the original award, but for injuries caused by negligence in construction or maintenance of such places recovery may be had. *Duval v. R. R.,* 161 N. C., 448, and cases cited.

We were referred by counsel to *McGillis v. Willis,* 39 Ill., App. 311, as a decision against plaintiff's right to recover in this instance, but, in our opinion, that case is not an authority for his position. In so far as it recognizes the principle that these drainage districts are governmental agents, and so protected from ordinary civil suits, the case is not, as we have seen, in accord with our own decisions on the subject, and, in that respect, it seems to be entirely inconsistent with subsequent decisions of the Illinois Court of Appeals, notably *Bradberry et al. v. Vandalia Levee and Drainage District,* 236 Ill., 36, and in which it is held, as here, that these drainage districts are but *quasi*-public corporations, and liable for their torts and wrongs at the suit of an injured proprietor. As a matter of fact, however, the contractors and officers and agents were relieved of liability in the case referred to because they were doing the work as planned, and in the necessary and proper manner, and no question of negligence was presented.

On careful consideration, we find no error in the record, and the judgment for plaintiff is affirmed.

No error.