MRS. OKLA INGRAM v. THE CITY OF HICKORY.

(Filed 27 January, 1926.)

**Municipal Corporations—Condemnation — Sewerage—Statutes—Arbitration—Award—Negligence—Nuisance—Damages.**

Where in conformity with the provisions of its charter a city has condemned lands for the laying of its sewer pipe and the taking off of its sewage, and accordingly an arbitration has been had from which no appeal was taken, and the city has conformed to the award in all respects and paid the amount of permanent compensation for the taking of the land found by the arbitration: *Held*, it is conclusively presumed that all elements of the damages sought in an independent action were in-

cluded in the award, and no recovery can be had except for damages caused by negligent construction, or such negligent acts on the city's part that would amount to a nuisance.

APPEAL by defendant from *Stack, J.,* at May Term, 1925, of CATAWBA. New trial.

Civil action to recover damages upon three causes of action, as set out in the complaint; such damages are alleged to have been caused (1) by conditions created and maintained by defendant on or near plaintiff's land, prior to the construction of its sewer line across said land, (2) by the taking of a portion of said land for the construction across the same of a sewer line, and by the negligence of defendant in the construction of the same; and (3) by conditions created and maintained by defendant on or near plaintiff's land, since the construction of said sewer line across the same. Plaintiff alleged that her land has been permanently damaged by the acts of defendant, and demanded compensation therefor. Defendant denied that plaintiff had been damaged, as alleged in the complaint. In its answer, defendant alleged that it had acquired a right of way over and across plaintiff's land for its sewer line, by a condemnation proceeding in which full compensation for all damages sustained by plaintiff by reason of the taking of her land and the construction of the sewer line across same had been assessed; defendant further alleged that the sewer over and through said right of way had been constructed by an independent contractor for whose negligence, if any, defendant was not liable.

The issues submitted to the jury were as follows:

"1. Did the defendant pipe the sewage and effete matter near to plaintiff's land and there throw it out on the open ground during three years or thereabouts, and did fumes and smells arising therefrom contaminate the air and permanently lessen and impair the value of plaintiff's land, as alleged in the complaint? Answer: ................

"2. Did the defendant in its blasting operations on plaintiff's land cast stones upon her dwelling-house, shake, jar, crack and injure its chimney and the plastering, and thereby permanently injure said house, as alleged? Answer: ................

"3. Did the defendant, in the fall of 1923, after laying two sewers across plaintiff's land, connect them together on her land, and cast out all their contents on the ground near her land, and did fumes and stinking smells arise therefrom which were carried over her land, enveloping her residence and filling it with unbearable and sickening odors, thus permanently impairing and lessening the value of her house and land, as alleged in the complaint? Answer: ................

4—191

"4. What permanent damage, if any, is the plaintiff entitled to recover of the defendant? Answer: ................."

Defendant objected to these issues, and excepted to their submission. Defendant tendered other issues, and excepted to the refusal of the court to submit them to the jury. The jury answered the 1st, 2d and 3rd issues, "Yes," and the 4th issue, $1,350. From the judgment upon this verdict, defendant appealed.

*C. L. Whitener and E. B. Cline for plaintiff.*
*J. L. Murphy and Self & Bagby for defendant.*

CONNOR, J. Plaintiff owns a lot of land containing about 4 acres, situate partly within and partly without the corporate limits of the city of Hickory. A dwelling-house containing 8 rooms is located on this lot which has been occupied by plaintiff as a residence for about 13 years. The lot is situate near the southern limits of the city at the end of Eighth Street. About three years prior to the commencement of this action, on 22 September, 1923, defendant, a municipal corporation, constructed two sewers within its corporate limits, both of which emptied some distance from plaintiff's lot, one on the west and one on the northeast side. The sewage discharged from the sewer on the northeast side of plaintiff's lot came from the South Graded School section and spread out over the ground into a branch which flowed across plaintiff's land within four feet of a spring. The sewer on the west side of plaintiff's land came down Eighth Street, upon which were located many homes connected therewith and emptied into a basin constructed by defendant, six feet deep and about two feet wide, with an iron lid over it. The sewage discharged from this sewer filled the basin and then poured out through a hole in the lid upon the ground. It was washed by rains from the ground about the basin upon plaintiff's land. As a result of these conditions, plaintiff was forced to abandon the springs on her land from which she had procured water for domestic use; the odors arising from the sewage were very offensive and plaintiff was forced to keep the windows of her house closed during the evening; flies and mosquitoes, attracted by the sewage, swarmed into plaintiff's home. These conditions and these results continued for about three years but had ceased to exist at the time of the trial of the action.

In June, 1923, defendant decided to extend these sewer lines beyond the corporate limits of the city; in order to construct the extension it became necessary for defendant to acquire a right of way for same over plaintiff's land. On 13 June, 1923, defendant, by letter, notified plaintiff that the city council, acting under and in accordance with the provisions of its charter, had condemned a right of way over her land for the

Eighth Street and South School sewer lines and had appointed Mr. George R. Wooten, a disinterested freeholder of the city, to act for the city in assessing the sum to be paid by the city to plaintiff as compensation for said right of way; defendant requested plaintiff to select a representative to act for her in the matter. On 18 June, 1923, plaintiff, by letter, notified the city council that she had appointed Mr. W. A. Carpenter to represent her in the condemnation proceedings. On 10 July, 1923, George R. Wooten and W. A. Carpenter reported to the city that having been first duly sworn and having heard the allegations and proofs and having examined the property, they found that "if the sewer pipe is laid through the premises of the said Mrs. Okla Ingram according to profile made by Cyrus C. Babb, engineer, 48 feet of cast iron pipe should be put in line to best advantage, and said pipe should run 22 feet south of spring and 2 feet 9 inches below level of water in spring; that if this is done Mrs. Okla Ingram will be damaged in the sum of $60 and we direct that said amount be paid in event sewer pipe is laid." This report was accepted and approved by the city council and check for $60, with a copy of the report, was sent by mail to plaintiff. Plaintiff did not appeal from the award made by the commissioners and approved by the city council. In September, 1923, defendant entered upon plaintiff's land and began the construction of the sewer line over and across same. The right of way for said line was located, and the sewer was constructed thereon in accordance with the report of the commissioners. The sewer pipe was laid in a ditch dug through rock across plaintiff's land. This rock had a commercial value; some of it had been used locally in the construction of buildings. Since the sewer line was constructed, plaintiff has been unable to get the rock out because to do so would endanger the sewer pipe. It is hard rock and extends deep into the ground. In order to dig the ditch it was necessary to blast out the rock with dynamite. These blasts were very heavy. Rock and dirt were thrown by the blasts upon plaintiff's house and other buildings on her land. The blasting caused the chimney in the house to settle and crack and this injured the plastering in seven rooms of the house. Every blast shook the house. The damage was done chiefly on the east side of the house because the ditch on that side was very deep and the rock very hard. The blasting continued for about thirty days. It was done under the supervision of the foreman of the contractor who constructed the sewer line for defendant. He came to the house each time and notified plaintiff that he was about to set off a blast. The damage done to the house has not been repaired.

The sewer line as constructed by defendant across plaintiff's land crosses a vein therein above the spring; the amount of water in the spring is very much less now than it was before the sewer line was con-

structed. The two sewer pipes were brought together upon plaintiff's land directly south of her residence; a ten-inch pipe takes the sewage from this point and discharges it just south of plaintiff's land about 150 feet from her line into a branch which is about 50 feet from the mouth of the sewer. There is an offensive odor from this sewage and flies and mosquitoes breed there. When the wind is from that direction the odor, flies and mosquitoes are blown into plaintiff's house. The house is located on a hill just where a ravine comes from the south. The wind is usually from the south. Defendant has constructed a septic basin, the dimensions of which are about five feet by eight feet, into which the sewer empties. This basin is covered up. This is the present condition.

Plaintiff admitted upon the trial that defendant had acquired the right of way over her land upon which the sewer line was constructed, as alleged in the answer.

Upon plaintiff's right to recover in this action, the court instructed the jury, that the condemnation of the right of way over plaintiff's land, for the extension of the sewer across the same, and the assessment of the sum to be paid to plaintiff by defendant as compensation for the land taken for such right of way, gave defendant the right to enter upon said land, and to construct the sewer across the same on the right of way, thus acquired; but that plaintiff was not barred by the condemnation proceeding from recovering in this action damages to her property, caused by the offensive odors arising from the sewage deposited on or near her land, both before and after the construction of the extension of the sewer line; or damages to her property caused by the blasting operations carried on in the construction of said sewer line. The court further instructed the jury that the measure of damages in this action was the difference between the reasonable market value of the land, at the time of the commencement of the action, as the land would have been without the sewer and as it was with the sewer. "In other words, if you reach the fourth issue, you will arrive at a conclusion as to what the property would have been worth without any alleged damages and what it would have been worth as it was with the sewage and operation of blasting, and take one from the other, and that would be your answer to the fourth issue." Defendant excepted to these instructions and assign same as error.

The condemnation proceeding barred all claims by plaintiff in this action for damages resulting from the taking of her property by defendant under the power of Eminent Domain, conferred upon defendant, as a municipal corporation, by the State. It was the duty of the commissioners appointed in accordance with the provisions of defendant's charter—one of whom was appointed by defendant, and one by plaintiff—in assessing the sum to be paid as compensation for the property

taken as a right of way for the extension of the sewer line, to include therein every element of damages to which plaintiff was entitled under the law, to the end that she should be fully and completely compensated, not only for the land actually taken, but for all injuries to the remaining property, incidental to and necessarily resulting from the taking. Plaintiff did not appeal, as she was authorized to do by the provisions of defendant's charter, from the report or award of the commissioners. It must be presumed, in the absence of allegations and proof of fraud, oppression, collusion or other misconduct, by the commissioners, that they acted properly and made the assessment in accordance with the law. Plaintiff cannot in this action recover damages which, upon this record, are conclusively presumed to have been included within the sum which the commissioners direct shall be paid to her as compensation for the taking of her property, and which defendant has tendered to plaintiff. She is estopped from claiming such damages by the condemnation proceedings to which she was a party.

The damages for the permanent taking of plaintiff's land for a right of way, and for the easement acquired by defendant over the said land were assessed in the condemnation proceeding; defendant does not seek, and is not entitled to any further easement over plaintiff's land, for the sewer line now constructed across the same, and cannot therefore be required to pay any other or further sum for permanent damages than that assessed by the commissioners in said proceeding. It was held in *Allen v. R. R.,* 102 N. C., 382, that a deed for a right of way to a railroad company bars all claim for damages incidental to or necessary, incurred in the exercise of the power conferred by the deed. In *R. R. v. Mfg. Co.,* 169 N. C., 156, it was held that where there has been a taking of private property, under the power of Eminent Domain, not only the direct but the incidental injury resulting in a diminution of the value may be considered in fixing the amount to be paid as compensation. In *Lumber Co. v. Drainage Comrs.,* 174 N. C., 647, it was held that the assessment of damages to be paid to the owner of land, taken under the power of Eminent Domain, is conclusive upon such owner, although in proper instances the owner may recover by independent action substantial damages sustained by the negligent exercise of the power. *Spencer v. Wills,* 179 N. C., 175.

We must hold that plaintiff is not entitled to recover of defendant, in this action, any sum for permanent damage by reason of the taking of her land and the construction across it of the sewer line; such sum was assessed in the condemnation proceeding; nor is she entitled to recover of defendant damages for any annoyance, inconvenience, discomfort, or injury suffered or sustained by her, or for any diminution in the value

of her land resulting from the construction of the sewer line, unless such line was negligently constructed, or unless such construction resulted in a nuisance.

If plaintiff is entitled to recover for damages sustained by conditions created and maintained by defendant on or near her land, prior to the condemnation proceedings, such recovery must be founded upon negligence, or upon liability for maintaining a nuisance. No permanent damages, which would result in conferring upon defendant the right to continue to damage plaintiff by negligence or by the nuisance created and maintained by it permanently, can be assessed against defendant. The conditions complained of have ceased to exist. Defendant does not ask and is not entitled to restore or maintain such conditions.

As there must be a new trial, we do not consider now or pass upon defendant's contention that it cannot be held liable upon the first cause of action set out in plaintiff's complaint, because the conditions complained of resulted from acts done by it in the exercise of its governmental powers. This case has been tried upon plaintiff's contention that she was entitled to recover permanent damages upon the three causes of action alleged. The distinction between the governmental powers of a municipal corporation and its administrative powers is not easily drawn. Nor do we pass upon defendant's contention that it is not liable for any damages caused by the construction of the sewer, for that same was constructed by an independent contractor, for whose negligence, if any, defendant is not liable. Upon a new trial, doubtless these contentions can be more clearly presented by amendments of the pleadings, and by evidence offered by both plaintiff and defendant, upon the trial on appropriate issues.

The judgment herein must be reversed. There must be a
New trial.