J. F. BATTS ET UX. v. TOWN OF CARY ET AL., AND TOWN OF CARY v. J. F. BATTS ET UX.

(Filed 27 October, 1926.)

**Municipal Corporations—Cities and Towns — Condemnation — Issues— Damages—Nominal Damages—Appeal and Error—Correcting Verdict.**

Where the jury have answered an issue as to the mere act of trespass against a town for the taking of plaintiff's land for a public use, in a

substantial sum, and have also answered a different issue finding the damages for the permanent taking of his land, the latter issue will stand on appeal reducing the former issue to a nominal sum.

APPEAL by town of Cary from *Barnhill, J.,* at March Term, 1926, of WAKE.

Civil action to recover damages for wrongful trespass, and proceeding to condemn land for a public purpose, consolidated, by consent, and tried on the following issues:

"1. Did the town of Cary enter upon the lands of J. F. Batts unlawfully and cut a trench thereon as alleged? A. Yes.

"2. If so, what damage, if any, is J. F. Batts entitled to recover therefor? A. $750.00.

"3. What damages, if any, is J. F. Batts entitled to recover as compensation for the condemnation and location of a sewer disposal plant and pipes upon his land? A. $3,250.00."

From a judgment on the verdict awarding J. F. Batts the sum of $4,000.00, and adjudging that upon the payment of said sum the town of Cary shall be entitled to a perpetual easement for a sewer line and disposal plant on the lands of Batts and wife, as described therein, the town of Cary appeals, assigning errors.

*J. W. Bailey and Brantley Womble for plaintiffs, Batts and wife.*
*Templeton & Templeton for defendants, town of Cary.*

STACY, C. J. In the Spring of 1925, the town of Cary undertook to install a system of municipal waterworks, including a sewage disposal plant, and, in doing so, entered upon the lands of J. F. Batts and wife and began the cutting of a trench preparatory to laying pipe, etc. On 6 May suit was started by Batts and wife to enjoin the town from proceeding further and for damages. It was alleged and denied that Batts and wife had consented for the agents of the town to enter upon their lands. On 28 May, the town of Cary instituted a condemnation proceeding in the Superior Court of Wake County in order that it might, by law, acquire the right to proceed with the work already started on the lands of Batts and wife.

By consent, the two actions were tried together, J. F. Batts and wife being treated as plaintiffs in the consolidated action, and the town of Cary as defendant.

We find no error in the trial of the cause, except it appears, from the evidence and the charge, that the amount awarded for wrongful trespass, as represented by the answer to the second issue, was duplicated by the jury in fixing the compensation, under the third issue,

to be paid for the rights condemned. *Ingram v. Hickory,* 191 N. C., 48; *Remington v. Kirby,* 120 N. C., 320.

With the elimination of all over a nominal amount that was assessed under the second issue, the verdict and judgment will be upheld.

Modified and affirmed.