BOARD OF DRAINAGE COMMISSIONERS OF FORSYTH COUNTY, DISTRICT No. 2, v. MRS. BRYAN JARVIS ET AL.

(Filed 9 June, 1937.)

1. **Drainage Districts § 3—Where pleading does not allege cause against district in its corporate capacity, its demurrer should be sustained.**

   While both a drainage district and its commissioners may be liable for injury to land caused by the negligent operation of the district, where in an action to foreclose a drainage lien defendant landowner sets up a cross action for damages caused by alleged negligent operation solely against the commissioners individually, the valid existence of the drainage district being denied, the drainage district's demurrer to the cross action should be sustained.

2. **Drainage Districts § 1—In this action to foreclose second drainage assessment landowner could not attack validity of district.**

   A landowner was made a party defendant in the proceedings to establish a drainage district, the first drainage lien was paid, and in another action the validity of the district was adjudicated. *Held:* In this action by the district to foreclose the second assessment lien, the landowner is estopped to attack the validity of the district or is not in a position upon the record to question its validity. C. S., 5352, 5353.

APPEALS by plaintiff and defendant, Mrs. Bryan Jarvis, from *Hill, Special Judge,* at November Term, 1936, of FORSYTH.

Civil action to foreclose second assessment lien against lands of Mrs. Bryan Jarvis, situate within the boundaries of Forsyth County Drainage District No. 2.

The defendant Jarvis first had the individual members of the board of drainage commissioners made parties defendant, then she filed answer denying the existence of the district and the validity of the assessment, and alleged that her codefendants, the individual commissioners, negligently flooded and damaged her lands, and asked judgment against "the plaintiff, if any," and her codefendants.

The plaintiff demurred *ore tenus* to the alleged cause of action set up in the further defense of the answer filed by Mrs. Jarvis, on the ground that the facts stated therein are not sufficient to constitute a cause of action against the plaintiff.   Overruled; exception.

The jury returned the following verdict:

"1. Was and is the plaintiff duly created, organized, and existing as Forsyth County Drainage District No. 2, as alleged in the complaint? A. 'Yes.'

"2. If so, did said drainage district legally levy against the property of the defendant Mrs. Bryan Jarvis a drainage district assessment, as alleged in the complaint?   A. 'Yes.'

"3. Is the said defendant, Mrs. Bryan Jarvis, by the summons, petitions, orders, decrees, and judgment roll in the proceeding for the alleged establishment of said Forsyth County Drainage District No. 2, and by the record and judgment roll in the action entitled 'H. P. Alspaugh *v.* Hire *et al.,*' estopped to contest the validity of the creation of the said drainage district, the levying of said assessment, and the issuance of bonds therefor, as alleged by the plaintiff?   A. 'Yes.'

"4. In what amount, if any, are the said lands of the defendant, Mrs. Bryan Jarvis, liable to the plaintiff on the alleged drainage assessment sale certificate sued on herein?   A. '$98.30.'

"5. Were the lands of the defendant, Mrs. Bryan Jarvis, damaged by the negligence of the Forsyth County Drainage District No. 2 and/or A. E. Hire, A. T. Cook, and S. B. Alspaugh, or either of them, and if so, by the negligence of which of said parties?   A. 'Yes, Forsyth County Drainage District No. 2.'

"6. What amount of damages, if any, is the defendant, Mrs. Bryan Jarvis, entitled to recover?   A. '$1,000.' "

Judgment on the verdict, from which the plaintiff and the defendant Jarvis both appeal.

*Manly, Hendren & Womble and W. P. Sandridge for plaintiff.*

*Elledge & Wells and Parrish & Deal for defendant, Mrs. Bryan Jarvis.*

STACY, C. J. Plaintiff's appeal challenges the ruling upon its demurrer interposed to the "further defense," or cross action, on the ground that the facts stated therein are not sufficient to constitute a cause of action against the plaintiff in its corporate capacity. C. S., 511. The challenge is well taken. The demurrer should have been sustained. *Newby v. Drainage District,* 163 N. C., 24, 79 S. E., 266. The answer contains no allegation of negligence against the plaintiff which may properly be made in this action. *Craven v. Comrs.,* 176 N. C., 531, 97 S. E., 470; *Shelton v. White,* 163 N. C., 90, 79 S. E., 427. All allegations of negligence are directed against the commissioners individually, parties defendant herein, and apparently they have been exculpated from any such negligence by the verdict. See *Leary v. Comrs.,* 172 N. C., 25, 89 S. E., 803.

The well considered cases of *Spencer v. Wills,* 179 N. C., 175, 102 S. E., 275; *Sawyer v. Drainage District, ibid.,* 182, 102 S. E., 273, cited and relied upon by the defendant, are not controlling on the facts presently appearing of record. The complete answer to the argument made on behalf of the defendant is that she has alleged no cause of action against the plaintiff in its capacity as a drainage district, the capacity in which it sues. It is established by the decisions that the board, as well as its individual members, may be liable for negligence, *Leary v. Comrs., supra,* but the pleadings are not cast in this double mold.

There was a directed verdict on the first three issues. The defendant's appeal brings in question the correctness of this ruling. Without undertaking to detail the evidence, it is enough to say, (1) the defendant Jarvis and her husband, who was then living, were made parties defendant, as nonpetitioners, to the original proceeding brought to establish the district, (2) the first assessment has already been paid—this action being to foreclose the second assessment, and (3) the validity of the district has heretofore been adjudicated in the case of *Alspaugh v. Comrs.,* 197 N. C., 776, 147 S. E., 923. It is not perceived wherein the result upon the first four issues should be disturbed. No fatal error in this respect has been made to appear. At any rate, it would seem that the appealing defendant is either estopped, *Lumber Co. v. Drainage Comrs.,* 174 N. C., 647, 94 S. E., 457; *Eaton v. Graded School,* 184 N. C., 471, 114 S. E., 689, or is in no position to question the validity of the district on the present record. C. S., 5352 and 5353.

On plaintiff's appeal, reversed.

On defendant's appeal, no error.