### CORNELIUS STATON v. L. L. STATON.

(Filed 21 October, 1908.)

1. **Water and Water Courses—Drainage of Lands—Supplemental Proceedings—Motion in the Cause.**

    When the rights and duties of adjoining landowners as to drainage in a certain canal have been determined under the Drainage Act (now Revisal, ch. 88), and judgment entered, proceedings subsequently brought for the purpose of readjustment, owing to change of ownership and partition, etc., are in effect a motion in the cause, in which the judgment, unlike a final judgment, is not conclusive; and the cause can be brought forward from time to time, upon notice to the parties, and further decrees made to conform to the exigencies and changes which may arise.

2. **Water and Water Courses—Drainage of Lands—Petition—Description—Pleadings—Amendments.**

    A petition in proceedings brought for the purpose of readjusting the rights and duties of adjoining landowners in draining their lands into a certain canal is not uncertain because it does not restate the *termini* of the canal which sufficiently appear in the original proceedings; and, if otherwise, the petitioner should be allowed to amend.

ACTION heard by *Lyon, J.,* at April Term, 1908, of EDGECOMBE.

Plaintiff appealed.

*G. M. T. Founlain* for plaintiff.
*W. W. Clark* and *H. A. Gilliam* for defendants.

CLARK, C. J. The plaintiff herein instituted a proceeding in 1885, under the Drainage Act (now Revisal, ch. 88), for the right to drain into Barnes Canal. Commissioners were appointed, the rights and duties of the several parties determined and the amount each should pay assessed. The report was confirmed 30 January, 1886. This is a subsidiary proceeding begun in the Clerk's court, which sets out that repairs to the canal are needed, that some of the tracts have changed hands and that one tract in particular has been

partitioned, and asking that the amount assessed against that tract be divided and assessed in proper proportions against each of the partitioners.

This is in effect a motion in the cause. From the nature of the proceeding, the judgment in 1886 is not a final judgment, conclusive of the rights of the parties for all time, as in a litigated matter. But it is a proceeding *in rem,* which can be brought forward from time to time, upon notice to all the parties to be affected, for orders in the cause, dividing (as here sought) the amount to be paid by each of the new tracts into which a former tract has been divided by partition or by sale; to amend the assessments, when for any cause the amount previously assessed should be increased or diminished, for repairs; for enlarging and deepening the canal or for other purposes, or to extend the canal and bring in other parties. It is a flexible proceeding, and to be modified and moulded by decrees from time to time to promote the objects of the proceeding. The whole matter remains in the control of the court.

It is not necessary, however, to keep such cases on the docket, but they can be brought forward from time to time, upon notice to the parties, upon supplementary petition filed therein, and further decrees made to conform to the exigencies and changes which may arise.

There is no uncertainty in not restating in this petition the *termini* of the canal. That sufficiently appears in the original proceeding, and if it did not the petitioner should be allowed to amend. *Porter v. Armstrong,* 134 N. C., 449; *s. c.,* 138 N. C., 179.

These proceedings are not highly technical, but are intended to be inexpensive and to be moulded from time to time, by the orders of the court, as may best promote the beneficial results contemplated by the statute. The judgment dismissing the proceeding is

Reversed.