R. C. BANKS AND WIFE v. R. B. LANE, SHERIFF OF CRAVEN COUNTY, GEORGE B. RATE AND MOSELEY CREEK DRAINAGE DISTRICT.

(Filed 3 November, 1915.)

**1. Drainage Districts—Mortgages—Assessments—Injunction—Parties—Interpretation of Statutes.**

Proceedings to form drainage districts under the statutes, chapter 442, Laws of 1909, amended by chapter 47, Laws 1911, are regarded as proceedings *in rem*, and bring benefit to the land, increasing its value and inuring to the benefit of the mortgagees and lienors thereon; and the act does not require that mortgagees or other lien-holders shall be made parties. Hence, a mortgagee may not restrain the collection of assessments made on the landowners of a drainage district under proceedings had in accordance with the provisions of the statute. It is otherwise when the property is condemned under sec. 7, ch. 442, Laws 1909.

**2. Drainage Districts — Mortgages — Notice — Intervenors — Judgment — Estoppel.**

Notice by publication is given in proceedings to form a drainage district under Laws 1909, secs. 5 and 15, ch. 442, as amended by the Laws of 1911, sec. 1, of the filing of the report in the office of the clerk of the Superior Court, which is open to inspection to the landowner or other person interested, and a mortgagee of lands who does not intervene and assert his rights to oppose the proceedings is bound by the final judgment.

**3. Same—Title.**

The mortgagee of lands within a drainage district laid off in conformity with the statutes is in no better condition in relation to assessments made on the land than the mortgagor in possession under apparent legal title, and can assert no superior rights in that respect.

**4. Drainage Districts —Procedure—Judgments—Assessments—Mortgages — Collateral Attack.**

The drainage acts are constitutional and the validity of a district laid off accordingly cannot be collaterally attacked; and a mortgagee of lands situate therein, being bound by the final decree, may not, in an independent action, restrain the collection of assessments made on the lands to pay bonds issued for their improvement.

**5. Drainage Districts—Judgments—Benefits.**

A final decree in proceedings to lay off a statutory drainage district is an adjudication that the benefits derived to the land within the district are more than the burdens assessed against it for such purpose.

**6. Drainage Districts—Mortgages—Insolvent Owner—Benefits—Additional Security.**

The insolvency of a mortgagor of land within a drainage district regularly established under the statutes gives the mortgagee no added right to enjoin the assessments on the land for the improvements made, for such improvements inure to the security of the mortgage debt.

**7. Drainage Districts—Mortgages—Purchase Price—Parties—Ownership of Lands.**

The principle that a conveyance of land executed simultaneously with a mortgage thereon for the purchase money does not pass the title does not apply to lands situate in a drainage district laid off under the statutes, so as to constitute the mortgagee the owner of the lands for the purposes of the proceedings, nor require that he should be made a party thereto.

APPEAL by defendants from order of *Peebles, J.,* at chambers, 8 June, 1915, continuing a restraining order to the hearing.

*Loftin, Dawson & Manning for plaintiffs.*
*Guion & Guion for defendants.*

CLARK, C. J. This action was brought by the plaintiffs to restrain the collection by the sheriff of Craven of an assessment levied on the land of George B. Pate to pay the bonds and interest issued for the construction of the "Moseley Creek Drainage District" in Craven and Lenoir counties, in which the land levied on is situate.

The drainage district was constituted in accordance with chapter 442, Laws 1909, as amended by chapter 67, Laws 1911. The proceedings were regular in all respects. The plaintiffs ask to restrain the collection of the assessment upon the ground that the *feme* plaintiff is a mortgagee of the land owned by George B. Pate, and was not made a party to the proceedings by which this drainage district was created. The statute does not require that mortgagees or other lien-holders shall be made parties. In *Drainage Comrs. v. Farm Association,* 165 N. C., 701, this point was presented, and it was held that a mortgage is "subject to the authority to form these drainage districts for the betterment of the lands embraced therein. The statute is based upon the idea that such drainage districts will enhance the value of the land embraced therein to a greater extent than the burden incurred by the issuing of the bonds, and the mortgagee accepted the mortgage, knowing that this was the declared public policy of the State." In that case the mortgage had been given prior to the formation of the district. It is no more necessary that mortgagees and other lien-holders should be consulted in the formation of such districts than to permit a mortgagee or lien-holder in the absence of statutory provision to enjoin an assessment for the pavement of sidewalks or streets or other assessment on property for improvements. It is otherwise when private property is condemned to public use, as under section 7 of the Drainage Act, chapter 442, Laws 1909. The State has adopted as its public policy the encouragement of

these drainage districts to improve the health and increase the fertility of the sections where better drainage is needed. The proceeding is in the nature of a proceeding *in rem,* and the final judgment therein raises the presumption that the lands embraced in such district will be benefited in value. When "a majority of the resident landowners in a proposed drainage district or the owners of three-fifths of all the land affected" have signed the petition for the proposed drainage district (Laws 1909, ch. 442, sec. 2), the proceeding is instituted and all other landowners in the district are notified. The act then prescribes the method of procedure, in which the interests of all parties are duly safeguarded. To require all lien-holders or mortgagees to be made parties would give the tracts of land thereby affected a double or even greater vote, and would probably defeat these betterments, as they are not usually interested in improving the value of the mortgaged property.

Laws 1909, ch. 442, sec. 37, provides: "The provisions of this act shall be liberally construed to promote the leveling, ditching, drainage and reclamation of wet and overflowed lands. The collection of the assessments shall not be defeated, where the proper notices have been given, by reason of any defects in the proceedings occurring prior to the order of the court confirming the final report of the viewers; but such order or orders shall be conclusive and final that all prior proceedings were regular and according to law, unless they were appealed from." *Comrs. v. Engineering Co.,* 165 N. C., 37.

The act requires that before the confirmation of any final report there shall be a publication of the notice for hearing for twenty days in a newspaper and by posting a written or printed notice on the door of the courthouse and in five conspicuous places throughout the district, during which time the report shall be on file in the office of the clerk of the Superior Court, and shall be open to the inspection of any landowner or other person interested within the district. Sections 5 and 15, ch. 442, Laws 1909. Further legislation to that effect is enacted, Laws 1911, ch. 67, sec. 1.

The defendant George B. Pate was in possession of the land under conveyance from the *feme* plaintiff, and was duly served with summons and acquiesced in all the proceedings taken in said cause, or at least is bound by them. By virtue of the notice required by above acts the *feme* plaintiff had opportunity to intervene and assert any right she might have to oppose the proceeding, if deemed contrary to her interest. Laws 1911, ch. 67, sec. 1. Not having done so, she is bound by the judgment under which the bonds were issued for this improvement.

The procedure for the establishment of "drainage districts," the public policy and the constitutionality of the system have been often considered and upheld. *Shelton v. White,* 163 N. C., 92, and numerous cases there cited; *In re Drainage District,* 162 N. C., 127.

Even if the owner in possession of this land, George B. Pate, had opposed the final decree or, indeed, opposed the formation of this drainage district, his land therein is chargeable with payment of the assessment thereon, and his mortgagee, the *feme* plaintiff, is in no stronger condition and cannot stay the collection.

It would interfere with a much-needed public development if, as a prerequisite thereto, and before a final order can be made, all defects of title and mortgages or liens that may be claimed must be looked up and adjudicated. It is sufficient that summons shall be served upon the parties in possession under an apparent legal title, and that before final adjudication notice shall be given in the manner prescribed by said act in order that parties claiming liens by mortgage or otherwise, or title to the land adversely to those in possession, shall have opportunity to come in and oppose confirmation of the final report.

The drainage act is constitutional and the validity of a district laid off under it cannot be attacked collaterally. *Newby v. Drainage District,* 163 N. C., 24.

In this case, the district has been regularly established. There is an adjudication that the required notices have been given. The bonds have been issued and the bondholders have a right to have the assessments collected to pay the interest and principal of the same. The plaintiffs not having established their claim by coming forward at the proper time to show that their interest would be adversely affected, are bound by the proceedings and cannot restrain the collection of the assessments to pay the bonds issued for the improvement of the land. The presumption is, and the final decree has adjudged in this case, that the land has been benefited by the drainage district more than the burdens assessed against it for such purpose.

The plaintiffs urge that Pate is insolvent, but this is not material, as the liability is on the land, which has been benefited by the proceedings. The plaintiffs further insist upon the familiar principle that, as the mortgage is for the purchase money, executed simultaneously with the deed to Pate, the title did not vest in him. That is true for the purpose of preventing the vesting of dower right in his widow or the lien of a docketed judgment. But it has no application here. Pate has a conveyance of the land and is in possession of the same, and the property is liable for taxes or legally adjudged assessments in his hands.

Under the statute he was the proper party to represent such land in the formation of the drainage district, and it is bound for a pro rata payment of the bonds issued and the interest thereon, just as it is for taxes thereon.

The restraining order should have been dissolved.

Reversed.