WALKER AND BROWN, JJ., concurring; ALLEN, J., dissenting.
This is a petition to rehear this case, 170 N.C. 14. The action was brought by R. C. Banks and wife, the feme plaintiff being the mortgagee of a tract of land embraced in the "Mosely Creek Drainage District," against George B. Lane, the sheriff of Craven County, and George B. Pate, the mortgagor and owner of said tract of land, who was in possession, and the Mosely Creek Drainage District.
The feme plaintiff set out her chain of title down to August, 1913, when she conveyed to George B. Pate and took from him a mortgage back to secure the purchase money. Her complaint averred that she and those under whom she claims had no notice served on her personally of the proceedings for the assessment made in said drainage district; that said George B. Pate was insolvent, and asked a restraining order against the collection of said assessment.
It is very evident that by the expression, "those under whom she claims," the feme plaintiff refers to the grantors in the deeds set out in her chain of title, and not to George B. Pate. The answer does not deny, but asserts, that the latter, who is in possession, has been served with summons in the cause. In our former decision we called attention to the fact that the statute did not require that mortgagees and lien-holders by judgment or otherwise should be served with summons; that to require them to be parties would greatly increase the difficulty of creating these drainage districts, and they would have no interest to serve in the creation thereof. As was said in Drainage Comrs. v. *Page 571 Farm Assn., 165 N.C. 701, where the point was presented, mortgagees and lien-holders are not required to be served with notice personally, because "A mortgage is subject to the authority to form (506) these drainage districts for the betterment of the lands embraced therein. The statute is based upon the idea that such drainage districts will enhance the value of the lands embraced therein to a greater extent than the burden incurred by the issuing of the bonds, and the mortgagee accepted the mortgage knowing that this was the declared public policy of the State."
In our former opinion we held that it was no more necessary that mortgagees and other lien-holders should be consulted in the formation of such districts than to permit a mortgagee or lien-holder, in the like absence of statutory provision, to enjoin an assessment for the pavement of sidewalks or streets or other improvements of property. We said that the proceeding was in rem, and that the decree for the formation of the district could not be made until a majority of the original landowners, and the owners of three-fifths of all the land which will be affected, have signed the petition, and until all other landowners in the district are notified, and that the decree creating the district must be presumed to have been regularly granted and advertisement of notice for other persons interested in the land has been made as required by secs. 5 and 15, chapter 442, Laws 1909, and sec. 1, chapter 67, Laws 1911. The complaint does not aver that the plaintiff is the owner of the land, but, on the contrary, that George B. Pate is the owner and in possession, and does not negative that notice by publication was duly made as to all others in interest, but merely avers that the feme plaintiff was not served personally — which is not necessary.
The Drainage Act has been held constitutional, and the validity of the district laid off under it cannot be attacked collaterally. Newby v.Drainage District, 163 N.C. 24.
The district has been formed, the assessments made without objection from landowners, and Laws 1909, chapter 442, sec. 37, provides that the collection of assessments shall not be defeated, where the proper notices have been given, by reason of any defects occurring prior to the order confirming the final report, but that such report shall be conclusive that all prior proceedings were regular, unless appealed from. This is absolutely necessary if the public are to be protected in their purchase of the bonds put upon the market. It is to be presumed that when the Court has rendered such final judgment and the bonds are issued there will be no interference with the collection of the assessments to pay the bondholders, but that all controversies were thrashed out and settled before such final judgment. *Page 572 
Though the proceeding to create the drainage district was instituted before the plaintiff executed her deed to Pate in August, 1913, (507) yet it may well be that the summons, as the answer avers, was served on him after that date and before the final judgment making the assessments and directing the issue of the bonds. This is another reason why the motion should be made in that cause where the facts in regard to the proceedings are of record.
If the plaintiff wishes to allege collusion between the owner of the land, Pate, and the other members of the drainage district, which she has not done, she ought to be allowed a day in court to do this. But she cannot do it in this collateral way under a restraining order against the sheriff of the county, who has no interest, but was obeying a legal mandate of the court, for the statute puts these assessments upon the same basis as the levy of taxes. She must seek her remedy by a motion in the cause in which the judgments were entered creating the district and confirming the assessment and directing the issue of bonds. In that proceeding are the records which will show whether the publication was made of notices required as to others than the owners of the land (which last alone were required to be served with summons), and whether there was any fraud or collusion to her detriment.
On such motion being made before the clerk in that cause, the plaintiff can, if so advised, at once apply to the judge to issue a restraining order therein until her motion shall be passed upon, and if an issue of fact is raised, this issue can be transferred to the court at term for trial by a jury.
The counsel for the plaintiff seem to be aware that the records in that case were necessary, for they have applied on this rehearing for acertiorari to send up the records in that case. This motion we have refused because that proceeding was no part of this case, and, indeed, the records therein were not before us on hearing the appeal whose decision it is now sought to rehear. The authorities are numerous that an injunction will not lie against an execution by an independent action, but that the remedy is always by motion in the cause whose decrees it is sought to impeach (except where fraud is alleged), and by a restraining order in that cause, if necessary. Parker v. Bledsoe, 87 N.C. 221, and cases there cited, and cases since, citing that case. The records to be passed upon are in that cause, and should not be brought into another case for examination collaterally.
The plaintiff, therefore, has a remedy by proceeding regularly under a motion in that cause and by a restraining order therein if necessary. This will entail no disadvantage or delay upon her, for the present injunction will hold until this opinion is certified down to the court *Page 573 
below, which will then dismiss this action. In the meantime, the plaintiff can make her motion and application for a restraining order in that cause.
Besides, this proceeding would be an attempt to take "two bites (508) at a cherry," for if the restraining order were made permanent in this case the plaintiff must proceed in the original cause to have the assessment reallotted if there has been any action taken which makes it illegal or excessive. Such reassessment could not be made in this proceeding, and certainly the tract of land is not entitled in any event to be exempt from all assessments. The parties chiefly interested are the other members of the drainage district, who will have notice of any motion in that cause, and have opportunity to defend. Whatever reduction, if any, is made in that proceeding in the assessment on this tract will necessarily be made up by raising the assessment on the owners of the other lands in that district, and they should have opportunity to be heard.
This denies the plaintiff no right if she has been wronged, and will cause her no delay. We send her to the proper tribunal to move in the action in which the assessment has been made of which she has complained, and she can there be fully heard to vindicate her rights, if any, to a reduction in the assessment. Indeed, that proceeding was brought in Craven County, where the records therein are to be found, while this collateral proceeding to question the regularity of proceedings therein is brought in Lenoir.
The mere fact, so strongly insisted on by plaintiff's counsel, that while this assessment is only $445, all the assessments on this tract aggregate $2,200 on a tract of land which brought before it was drained $4,000 is a matter that was doubtless considered before the decree making the assessment and directing the issue of bonds was entered. The presumption is that the land was benefited far more than the amount of these assessments, or objection would have been made by Pate, the landowner, or by the plaintiff, as to whom notice by publication is, by the statute, presumed to have been given. But if there has been any wrong done, it is in that cause that the assessment should be reconsidered and upon proper proof reduced or reaffirmed.
Petition denied.