BOARD OF DRAINAGE COMMISSIONERS OF LYON SWAMP DRAINAGE AND LEVEE DISTRICT v. C. B. BORDEAUX, L. F. PRIDGEN, H. L. HARRELL, WALTER RUSS, DANIEL SHAW AND J. J. PRIDGEN.

(Filed 27 April, 1927.)

**1. Drainage—Districts—Assessments—Interest—Statutes.**

Owners of land in a drainage district in default in the payment of assessments thereon on the first Monday of September, when under the provisions of the statute, C. S., 5361, they are due and payable, are chargeable with interest from that date, and the provisions of C. S., 7994, allowing certain discounts and imposing certain penalties, has no application.

**2. Same—Interpretation of Statutes—Retroactive Effect.**

The provisions of C. S., 5362, authorizing the sheriff of the county wherein is located a drainage district to levy and collect the assessments against the delinquent owners out of their other property by levy, etc., are those included in chapter 442, Public Laws of 1909, as amended by chapter 67, Public Laws of 1911, and cannot be given a retroactive effect.

APPEAL by defendants from judgment rendered by *Grady, J.,* at chambers, on 27 December, 1926. Modified and affirmed.

Action to recover of each of the defendants drainage taxes assessed upon his land located in Lyon Swamp Drainage and Levee District, and for other relief.

From judgment upon facts found by the judge defendants appealed to the Supreme Court.

*Grady & Johnson for plaintiff.*
*C. E. McCullen for defendants.*

CONNOR, J. The Lyon Swamp Drainage and Levee District was established by the final order of the clerk of the Superior Court of Pender County, dated 10 August, 1910, in a proceeding then pending before him. Defendants are the owners of lands included in said district. The amounts which plaintiff seeks to recover in this action were included in an assessment duly made in said proceeding in 1918, pursuant to a valid order made by said clerk. See *In re Lyon Swamp Drainage District,* 175 N. C., 270.

These amounts were assessed for the years 1921 to 1925, inclusive. They all became due and payable on the first Monday in September of the year for which they were assessed, respectively. C. S., 5361. Neither of the defendants has paid the amounts assessed against his land. Judgment was rendered that plaintiff recover these several amounts, with interest at six per cent from the first Monday in September of the year for which they were respectively assessed. Defendants contend that there was error in holding that said amounts bear interest from the first Monday in September of the year in which they were due.

The statute, C. S., 5361, provides that these assessments "shall be due and payable on the first Monday in September each year, and if the same shall not be paid in full by the thirty-first day of December following, it shall be the duty of the sheriff or tax collector to sell the lands so delinquent." No provision is contained in the statute for the collection of interest on drainage taxes or of penalties for failure to pay such taxes when due. It is provided therein, however, that "the existing general tax law in force when sales are made for delinquent assessments shall have application in redeeming lands so sold, and in all

other respects, except as to the time of sale of lands, the existing law as to the collection of State and county taxes shall apply to the collection of such drainage assessments." In C. S., 7994, it is provided, with reference to State and county taxes, that "all taxes shall be due on the first Monday in October in each year." There is no statutory provision for the collection of interest on State and county taxes not paid when due. It is provided, however, that certain discounts shall be allowed upon such taxes when paid prior to 1 December, and that certain penalties shall be collected when such taxes are not paid until after 1 January. In the absence of express statutory provisions to that effect, it cannot be held that these discounts or penalties apply to drainage taxes. They are assessed upon a different principle from that upon which State and county taxes are levied and collected. The general tax law applies only to the collection of drainage taxes, and has no effect in determining the amount to be paid, whether before or after they are due.

Drainage taxes are due and payable on first Monday in September, but are not collectible until 31 December. All owners of lands subject to drainage taxes may pay the same on any day between the first Monday in September and the thirty-first day of December of the year for which such tax was assessed. Those who pay between these dates are required to pay only the amount assessed against their lands. If payment is not made prior to thirty-first day of December, the tax is collectible by sale of the land. On said date the landowner who has not paid the tax is in default, and is justly required to pay interest from such date. See *Wilmington v. McDonald,* 133 N. C., 548, and *Wilmington v. Cronly,* 122 N. C., 390. He cannot, however, be required to pay interest until he is in default. Defendants' contention with respect to the date from which the drainage tax bears interest is sustained.

In the judgment from which defendants appealed to this Court, it is provided that "if the lands belonging to the defendants, or to each of them, upon which this judgment is declared a lien, shall fail to bring at public sale, as hereinafter provided, a sufficient amount to pay this judgment for the assessment herein set out, then the sheriff shall proceed to collect any balance due on this judgment against each of the defendants out of any other property, real or personal, belonging to each of the defendants at the time the assessment was made, which may be found in his county, as provided in C. S., 5362."

Defendants excepted to this provision of the judgment, contending that only the land upon which the drainage tax was assessed may be sold for its collection. This contention must be sustained, unless C. S., 5362, is applicable to the drainage taxes, which are the subject-matters of this action. See *Canal Co. v. Whitley,* 172 N. C., 100, *Raleigh v. Peace,* 110 N. C., 33; Eliott on Streets and Roads, 400.

C. S., 5362, is section 2 of chapter 282, Public Laws 1919. It was ratified on 11 March, 1919, and has been in force since said date. It is provided therein, "that if for any cause the sheriff is unable to collect the amount of the assessment made by the drainage commissioners out of lands assessed under the provisions of chapter 442, Public Laws 1909, as amended by chapter 67, Public Laws 1911, then the said assessment shall be collectible as taxes are collected out of any other property, real or personal, belonging to the person owning the land at the time such assessment was made."

The proceeding in which drainage taxes were assessed against the lands of defendants was begun in 1910; the orders authorizing and directing the assessments were made in 1918. The statute is not retroactive by its terms; it cannot be so construed. Whether it is valid or not, it cannot be held to impose personal liability upon the defendants in this action for drainage taxes assessed upon their lands prior to its enactment. Defendants were not personally liable for the taxes at the time they were assessed. Only the lands which were benefited by the improvements for the payment of which the taxes were assessed, were liable for their payment. It was error to direct the sheriff to levy upon and sell property, real or personal, of the defendants which had not been benefited by the improvements. Only lands located within a drainage district which share in the benefits accruing from the organization and maintenance of the district were liable for drainage taxes prior to 11 March, 1919. The contention of defendants must be sustained. The judgment must be modified in accordance with this opinion. As thus modified the judgment is

Affirmed.