DANIEL H. NEWTON AND CLARA B. NEWTON v. H. M. CHASON, TAX COLLECTOR OF BLADEN COUNTY, NORTH CAROLINA.

(Filed 23 May, 1945.)

**1. Pleadings § 20—**

A demurrer admits only relevant facts well pleaded and relevant inferences of fact readily deducible therefrom, but does not admit the conclusions of law or inferences of law contained in the complaint.

**2. Injunction § 2: Pleadings § 15—**

Courts will not grant the equitable relief of injunction when there is an adequate remedy at law, and a demurrer *ore tenus* to the complaint in a suit asking such relief will be sustained and the action dismissed.

**3. Taxation §§ 38b, 38c—**

Our tax law provides a method to be followed by the injured taxpayer in cases where a tax levy is deemed illegal, which is to pay the tax under protest and then bring suit to recover the same, G. S., 105-406. Drainage assessment shall be collected in the same manner as State and county taxes under the law existing at the time of the collection. G. S., 156-105. No sale of tax liens on realty shall be delayed or restrained by order of any court of this State. G. S., 105-387.

**4. Judgments § 22b—**

An action, which seeks to restrain acts and things directed to be done by *mandamus* in a suit involving the same subject matter, is a collateral attack by independent suit upon a valid, final and subsisting judgment, contrary to the consistent holding of this Court.

**5. Drainage Districts § 1—**

A drainage district is á *quasi*-municipal corporation, and neither its existence nor the regularity of its proceedings can be collaterally impeached.

**6. Drainage Districts § 10—**

Parties to drainage proceedings, and in reference to their lands situated within the drainage district, are estopped, from questioning by independent suit, the judgment establishing the district or the validity and amount of the assessments made in the cause or the burdens and benefits affecting the property. These, and like rulings, must be challenged at the proper

time and in the course of the proceeding, and unless objection is successfully maintained, the parties are concluded.

**7. Same—**

Drainage proceedings are never closed, and a party aggrieved therein may, by motion in the cause at any time, raise questions as to his right affected thereby.

APPEAL by plaintiffs from *Stevens, J.,* at October Term, 1944, of PENDER.

The defendant, H. M. Chason, Tax Collector of Bladen County, had been ordered and directed by *mandamus* in the case of Ruth Smith by her General Guardian, T. F. Wood, and R. F. McClammy *v.* Lyon Swamp Drainage and Levee District, to make sale of the plaintiffs' land in Bladen County, and had advertised such sale, and was served with a temporary restraining order in this action, enjoining the sale as advertised; and upon hearing upon the temporary order the same was continued till the final hearing; and when the matter came on for trial the defendant demurred *ore tenus* to the complaint, which demurrer was sustained and the action dismissed.

The complaint alleged that the plaintiffs are "the owners in fee simple and as tenants in common are in possession of those tracts of lands containing in the aggregate 386 acres, situated in Frenches Creek Township, Bladen County, North Carolina, and more particularly described in a deed from I. M. Newton and others to plaintiffs, dated 6 April, 1939, and recorded on May 18, 1939, in Book 102, page 202, of the Registry of Bladen County, a part of said lands being shown as lots Nos. 1 and 23 on a map which is recorded in the Registry of Bladen County and purports to be a map of a supposed drainage district and known as Lyon Swamp Drainage and Levee District, said map having been recorded on August 11, 1942, in Map Book 4, page 11, of the Registry of Bladen County;" that the defendant, H. M. Chason, is the Tax Collector of Bladen County, and as such officer has advertised in the *Bladen County Journal* the sale for alleged nonpayment of drainage assessments, together with others, the said lands of the plaintiffs, being described as Lots 1 and 23; and that pursuant to said advertisement the defendant proposed to sell the said lands of the plaintiffs and thereby create, enforce and impose a lien upon said lands and to divest the plaintiffs of the title thereof or place a cloud upon said title; that the defendant is without authority to make a valid sale of said lands for the reason that the purported drainage assessments against the same "is defective on its face and is as a matter of fact and law invalid, illegal, irregular and void, and was unlawfully levied and assessed for an illegal and unauthorized purpose"; that the defendant tax collector should be restrained and

enjoined from selling the aforedescribed lands of the plaintiffs as he proposes to do under the aforesaid notice, for that said sale, while it would be void, would place a cloud upon the title of the plaintiffs, and would place a lien upon the public records that would be vexatious and burdensome to the plaintiffs; and prays that an order permanently restraining and enjoining the defendant tax collector from selling the aforesaid lands of the plaintiffs as he proposes to do under the aforesaid notice.

The defendant first filed answer to the complaint of the plaintiffs, and the case came on for hearing upon these pleadings, at the October Term, 1944, of Pender County, when and where the defendant demurred *ore tenus* to the complaint "on the grounds that the plaintiffs were not entitled to the equitable relief sought in this action and could not attack the validity of a final, valid and subsisting judgment of the Superior Court by the independent action"; and the court sustained the demurrer and dismissed the action. To this ruling of the court the plaintiff preserved exception and appealed to the Supreme Court, assigning errors.

*Moore & Corbett for plaintiffs, appellants.*

*Louis Goodman, Clayton C. Holmes, and W. E. Blake for defendant, appellee.*

SCHENCK, J. This appeal poses the single determinative question: Does the complaint state facts sufficient to constitute a cause of action? If the answer be in the negative the ruling and judgment of the trial judge was correct; while if the answer be in the affirmative the ruling and judgment of the trial judge was erroneous. We are constrained to hold that the answer is in the negative.

A demurrer admits only relevant facts well pleaded and relevant inferences of fact readily deducible therefrom, but does not admit the conclusions of law or inferences of law contained in the complaint. *Whitehead v. Telephone Co.,* 190 N. C., 197, 129 S. E., 602, and cases there cited.

The complaint in this action seeks only equitable relief, namely, an injunction, and the courts will not grant such relief where there is an adequate remedy at law. Our tax law provides a method to be followed by the injured taxpayer in cases where a tax levy is deemed illegal, which is to pay the tax under protest and then bring suit to recover the same, G. S., 105-406 (C. S., 7979). G. S., 156-105 (C. S., 5361), provides that drainage assessments shall be collected in the same manner as State and county taxes under the law existing at the time of the collection. Ch. 310, sec. 1715 (b), Public Laws 1939, now G. S., 105-387, provides that "No sale (of tax liens on real property) shall be delayed or restrained by order of any court of this State." It is therefore apparent

from the complaint itself that the alleged action of the plaintiffs is untenable, and his Honor was correct in dismissing the same.

It would also seem that his Honor was correct in sustaining the demurrer and dismissing the action for the reason that it appears from the complaint that the plaintiff seeks to restrain acts and things directed to be done by a *mandamus* in a suit involving the same subject matter. This action is a collateral attack by an independent suit upon a valid, final and subsisting judgment, contrary to the consistent holding of this Court. In *Spencer v. Wills,* 179 N. C., 175, 102 S. E., 275, it is written, at bottom of page 177 : "In various decisions appertaining to the subject, we have held that parties to proceedings of this character and in reference to their lands situate within the district are estopped from questioning by independent suit the judgment establishing the district or the validity and amount of the assessments made in the cause or the matter of burdens and benefits affecting the property. These, and other like rulings, must be challenged at the proper time and in the course of the proceedings, and unless objection is successfully maintained, the parties are concluded. *Craven v. Comrs.,* 176 N. C., 531; *Lumber Co. v. Comrs.,* 174 N. C., 647; *Griffin v. Comrs.,* 169 N. C., 642; *Newby v. Drainage District,* 163 N. C., 24; *Shelton v. White,* 163 N. C., 90." And further in *Newby v. Drainage District, supra,* it is held that: ". . . a drainage district is a *quasi*-municipal corporation, and neither its existence nor the regularity of its proceedings can be collaterally impeached. . . . It is elementary that the validity of such districts cannot be collaterally attacked. . . . The plaintiffs, of course, stand in the shoes of their grantors, who were parties to the proceedings for the establishment of the district, as a pendency of the proceedings is notice with respect to all lands embraced in the district. . . . The statute in terms, declares that the order of the court confirming the final report of the viewers 'shall be conclusive and final that all prior proceedings were regular and according to law, unless they were appealed from.' And this statutory declaration that the regularity of the proceedings shall not be subject to collateral attack is in line with the decisions of the courts and text-writers of good repute."

The plaintiffs' remedy, if any they have, would be by motion in the cause. A drainage proceeding is never closed, and the plaintiffs could have moved in the cause, and thereby have raised the questions set out in their complaint. *Banks v. Lane,* 170 N. C., 14, 86 S. E., 713; *ibid.,* 171 N. C., 505, 88 S. E., 754; *Staton v. Staton,* 148 N. C., 490, 62 S. E., 596; *Mann v. Mann,* 176 N. C., 353, 97 S. E., 175.

We are of the opinion, and so hold, that the judgment of the Superior Court sustaining the demurrer *ore tenus* and dismissing the action should be affirmed for the reason that the court will not grant the equitable relief of injunction when an adequate remedy at law existed; an act

directed by a court order in one action will not be restrained by an order in another action collaterally attacking the former; courts will not by injunction restrain a sale of tax liens on real property, and a valid, final and subsisting judgment of the Superior Court cannot be collaterally attacked.

The judgment of the Superior Court is
Affirmed.