IN RE LYON SWAMP DRAINAGE AND LEVEE DISTRICT.

(Filed 26 November, 1947.)

**1. Drainage Districts § 4—**

The statutes authorizing the creation, maintenance and improvements of drainage districts provide flexible procedure which may be modified and molded by decrees from time to time to promote the beneficial objects sought by the creation of the district, subject to the restrictions that there should be no material change or any change that would throw additional costs upon landowners except to the extent of benefit to them.

**2. Same—**

The correct procedure to secure additional authority for proper maintenance and improvements in a drainage district is by motion or petition in the original cause.

**3. Same: Drainage Districts § 5—**

Where proposed improvements and repairs will primarily benefit lands embraced in one section of a drainage district and would be of no substantial benefit to landowners in another section thereof, the drainage commissioners have power under statutory authority to issue bonds and make assessments applicable only to the section benefited. G. S., Chap. 156, Session Laws of 1947, Chap. 732.

APPEAL by C. S. Potter from *Burney, J.,* at Chambers, 18 September, 1947. From PENDER. Affirmed.

Petition in the cause by the Board of Drainage Commissioners of Lyon Swamp Drainage and Levee District for authority to issue bonds and make assessments for improvement and maintenance of the canal in the District below what is known as the Vollers line.

Upon appeal from an order of the Clerk, the Resident Judge, at chambers, upon the record and the facts agreed, confirmed the order of the Clerk authorizing the issue of bonds and assessments for the purposes prayed for applicable to lands below the Vollers line, with provision that landowners above said line be allowed to drain water from their lands into the main canal without additional cost to them, but that, if they desired to extend the canal through their lands above the Vollers line, such extension to be at their own cost. C. S. Potter, the owner of lands within the District and below the Vollers line, excepted and appealed to this Court.

*John S. Butler for C. S. Potter, appellant.*
*H. H. Clark for Lyon Swamp Drainage and Levee District, appellee.*

DEVIN, J.   The Lyon Swamp Drainage and Levee District came into being as a *quasi*-public corporation, by virtue of final decree in accordance with the provisions of the statutes then in force, 10 August, 1910. *Sanderlin v. Luken,* 152 N. C., 738, 68 S. E., 225.   The District contains within its territorial boundaries a large body of land in Pender and Bladen Counties.   Since its creation legal questions pertaining to this District have found their way to this Court, and decisions thereon will be found reported in *In re Lyon Swamp Drainage District,* 175 N. C., 270, 95 S. E., 485; *Drainage Commissioners v. Bordeaux,* 193 N. C., 627, 137 S. E., 716; and *Newton v. Chason,* 225 N. C., 204, 34 S. E. (2d), 70.

The statutes authorizing the creation, maintenance and improvement of drainage districts provide flexible procedure which may be modified and molded by decrees from time to time to promote the beneficial objects sought by the creation of the district (*Staton v. Staton,* 148 N. C., 490, 62 S. E., 596; *Adams v. Joyner,* 147 N. C., 77, 60 S. E., 725), "subject, however, to the restriction that there should be no material change or any change that would throw additional costs upon the other landowners except to the extent of benefit to them." *In re Lyon Swamp Drainage District, supra.*   And the correct procedure to secure additional authority for improvements and proper maintenance is by motion or petition in the original cause. *Newton v. Chason,* 225 N. C., 204, 34 S. E. (2d), 70.

The question now presented by this appeal is whether the Drainage Commissioners have power to issue bonds and make assessments applicable to a designated portion of the lands embraced in the District.   It seems that from the beginning the lands contained in the District have

been unofficially and by common consent and usage divided into two sections by a line known as the Vollers line, the necessity, character and benefits of drainage, and the improvements needed therein, being in some respects different in the two sections. Shortly after the formation of the District, bonds to provide funds for making improvements in drainage affecting only lands below the Vollers line were issued, and in due time paid and canceled. In 1918, upon petition, authority was granted for issue of bonds and assessments upon lands in the section above the Vollers line. *In re Lyon Swamp Drainage District,* 175 N. C., 270, 95 S. E., 485.

In the petition in the cause with which we are now concerned it was alleged that the improvements and repairs now thought necessary, with respect to the canal and control of flood waters, primarily affected lands below the Vollers line, and that these improvements would not be of substantial benefit to landowners above this line. The Clerk found the facts as alleged in the petition and made the decree accordingly. It was conceded that the proceedings incident to petitioners' motion were in all respects regular and in accordance with the provisions of the statutes. The only exception of appellant is based on the ground that the Commissioners of the District did not have authority to make the improvements contemplated within a part of the District and to impose the burden of expense thereof on lands below the Vollers line without requiring contribution from the owners of lands above that line. However, it appears from the facts agreed and from the findings of the Board of Viewers, approved and confirmed by the Clerk, that the improvement and maintenance of the canal in the lower section would be advantageous to land there located and would not be of substantial benefit to owners of lands above the Vollers line, and in the judgment provision is made that if owners of upper-lands desire extension of the canal through their lands they may do so at their own expense without additional cost to landowners below.

We note also that the General Assembly of North Carolina has given authority and validity to the issuance of bonds and the levying of assessments as herein decreed by Chap. 732, Session Laws 1947. This statute is based upon a declaration in the preamble of the facts substantially as found by the court below, and these facts are given legislative sanction as constituting sufficient grounds for the grant of power in the premises to the Board of Commissioners of the District.

We see no reason why this Court should deny to the Drainage Commissioners, petitioners here, the exercise of the authority conferred by this Act as well as by the General Statutes, Chapter 156, to make the improvements and to impose the burden of the expense thereof in accordance with the benefits to be derived. We think the bonds when issued and the

assessments to be made as decreed would constitute valid obligations, and that the judgment below should be upheld.

Judgment affirmed.