SAWYER CANAL COMPANY AND HOOKER CANAL, INC., v. ELIZABETH M. KEYS AND ELIZABETH KEYS ALLEMAN, EXECUTRIX OF ELIZABETH M. KEYS, DECEASED.

(Filed 31 October, 1951.)

1. **Drainage Districts § 9—Owner constructing ditch draining into canal may be assessed proportionate expense for necessary improvements to canal.**

   It appeared that defendant's predecessor in title cut a drainage canal through his lands draining into plaintiff's canal. Thereafter enlargement and improvement of plaintiff's canal was necessary, and assessments to pay for such improvements were levied against the lands benefited, including defendant's lands, in proceedings had after notice in accordance with the statute. On appeal to the Supreme Court, the cause was remanded to ascertain whether defendant's predecessor in title acquired the right to construct his canal by proceedings under G.S. Chap. 156, sub-chapter 1. *Held:* Upon the court's finding after remand that no legal proceeding was had by which defendant's predecessor in title acquired the right to construct the canal on his land draining into plaintiff's canal, order refusing to remand the proceeding to the clerk and sustaining the assessments is without error, there being no evidence offered tending to show that the assessments were excessive.

2. **Drainage Districts § 5—**

   Proceedings to levy drainage assessments are *in rem* and can be brought forward from time to time upon notice to all of the parties for orders in the cause, and are not highly technical but are to be molded from time to time by the orders of the court as may best promote the results contemplated by the statutes.

APPEAL by defendant Elizabeth Keys Alleman from *Carr, J.,* at May Term, 1951, of PAMLICO.

Special proceeding upon petition of petitioners to have the Keys-Hudnell land of defendant assessed for part of expense of enlarging the outlets of petitioners' drainways into which defendant drains her said land,—heard in Superior Court following rendition of opinion of this Court on former appeal reported in 232 N.C. 664, 62 S.E. 2d 67.

Petitioners, upon such hearing, made motion for judgment confirming the judgment of clerk of Superior Court which confirmed the original and supplemental reports of the commissioners filed in this cause,—defendant contending that, pursuant to the opinion on the former appeal, the cause should be remanded to the clerk of Superior Court for further proceedings, in the manner provided by law. In connection therewith, the court made these findings of fact:

"1. The defendant, Elizabeth Keys Alleman, has succeeded to all right, title and interest which was at one time held in the property of the defendants by Elizabeth M. Keyes and Elizabeth Keyes Alleman, Exec-

utor of Elizabeth M. Keyes, deceased, and is now the owner of said property.

"2. The statements in the record in this case to the effect that there was at one time a proceeding instituted whereby Joseph Keyes, predecessor of the defendant in title, acquired the right to drain his land, known as the Keyes-Hudnell land, into the drainways of the petitioners, were incorrect and were an inadvertence on the part of the plaintiffs' and defendants' counsel. There is no record on file in the office of the clerk of the court of Pamlico County of any proceeding whereby said Joseph Keyes, predecessor of the defendants in title, did acquire the right to drain his land known as the Keyes-Hudnell land into the drainways of the petitioners.

"3. There is in the Commissioners' Supplemental or Amended Report filed on December 27, 1949, a finding being #3 of the findings in said report, reading as follows: 'That during the summer or fall of 1928 the defendants' ancestor in title, Joseph Keyes, did construct and cut into the Sawyer Canal, Inc., plaintiff's named drainway, a large canal several miles in length, 20 feet wide and 6 feet deep, for the purpose of draining his land known as Hudnell land, and other land owned by the said Joseph Keyes; that the said Keyes Canal diverted and turned into plaintiffs' drainway large volumes of water that had never flowed into said drainways prior to the cutting of said canal.'

"There is no exception in the record to this finding by the Commissioners, and the court adopts said finding as a finding of the court, and finds the facts in respect to the manner in which defendants' predecessor in title cut into the plaintiffs' canal to be as set out in said Commissioners' Report."

Upon these facts the court made these conclusions of law:

"In the opinion of the court the defendant Elizabeth Keyes Alleman is not entitled as a matter of law to now change the course of the canal which her predecessor in title has used since 1928 for the purpose of draining her lands through plaintiffs' canal and by so doing avoid responsibility for her proportionate share for the upkeep and repair of the plaintiffs' canal.

"And the court is further of the opinion that for all intents and purposes when her predecessor in title cut into plaintiffs' canal he, by so doing, under the circumstances of this case made himself a party to the original proceeding by which the plaintiffs' canal was authorized, and that this proceeding should be and is considered a motion in said original cause whereby the Sawyer Canal Company was created, the proceeding being entitled 'William B. Sawyer, and others, *v.* William Potter and others.'

"The court is further of the opinion that the defendant is not entitled to have this proceeding remanded to the clerk of the Superior Court for

further action by said clerk, and that there are no issues arising upon the pleadings, and the exceptions to the reports of the commissioners and the judgment of the clerk of the court which the defendant is entitled to have submitted to a jury at term-time."

And the court further found as facts that:

"At said hearing there was no evidence offered tending to show that the assessment made by the commissioners was excessive, and no witnesses were tendered to the court for the purpose of showing that said assessment, as stated in the Commissioners' Report, was excessive."

Thereupon, the court, after incorporating therein such findings of fact and conclusions of law, signed judgment approving and confirming the judgment of the clerk.

The record shows that defendant excepted (1) to the signing of the judgment, (2) to finding No. 3 in the judgment, and (3) to each of the conclusions of law. The record also shows that defendant also excepted to the finding by the court that there was no evidence offered tending to show that the assessment made by commissioners was excessive, and that no witnesses were tendered to the court, for the reason that defendant, under the opinion of the Supreme Court so heretofore rendered in this case, is entitled now to show to the commissioners and to the clerk, and subsequently to a jury upon appeal, such evidence as may be available tending to show that said assessment by the commissioners and as adopted by the clerk in his judgment, are erroneous and not justified by the facts. Upon each of these exceptions, defendant appeals to Supreme Court.

*Z. V. Rawls and R. A. Nunn for plaintiff, appellee.*

*R. E. Whitehurst for defendant, appellant.*

WINBORNE, J. The question presented on this appeal, as stated in brief of appellant, is this: "Did the court below properly interpret the former decision in this case reported in 232 N.C. Reports at page 664, and did the court below have authority and jurisdiction to enter judgment without following the directions of this Court in said former decision when the cause was remanded for the ascertainment of certain facts?" The answer is "Yes."

I. On the former appeal the record revealed that in the proceeding before the clerk of Superior Court, and in the Superior Court on appeal thereto, and on appeal to this Court, defendant relied, in the main, upon the provisions of G.S. 156-51 as a bar to petitioners' right to maintain this proceeding,—contending that the only remedy available to them against defendants' failure or refusal to share with them the burden of maintaining and repairing the drainage was to obstruct and dam up her canal so as to effectually prevent drainage therefrom into their canal.

The judge of Superior Court held with defendant, reversed the order of the clerk confirming report of commissioners, and adjudged that petitioners take nothing by the proceeding. But this Court held that the statute G.S. 156-51 is inapplicable to the factual situation in hand.

II. Also on the former appeal it was made to appear from the reply of petitioners to the answer of defendant and the supplemental report of the commissioners that in the year 1928 Joseph Keys, predecessor in title of defendant, constructed, and cut into the Sawyer Canal, a large canal, several miles in length, 20 feet wide and 6 feet deep, for the purpose of draining his land, known as the Hudnell land, and other lands owned by him; and that the canal, called the Keys Canal, diverted and turned into petitioners' drainage large volumes of water that had not theretofore flowed therein. And that the commissioners, appointed in the present proceeding, found that the land of defendant has been greatly benefited by the recent improvements of plaintiffs' drainways and should bear a reasonable and proportionate part of the expenses of enlarging the outlets of said drainways, and that they also found in what proportion and amount the lands of defendant are benefited.

In this connection, the former opinion called attention to, and reviewed in part provisions of sub-chapter 1 of Chapter 156 of the General Statutes of North Carolina entitled "Drainage by Individual Owners," which, among other provisions, grants to "any person desirous of draining into the canal or ditch of another person as an outlet," the privilege of cutting into and draining through such canal or ditch, and prescribes the procedure for acquiring such privilege, and for assessing damages against the petitioner for the privilege, and for apportioning the labor which the petitioner and defendants therein shall severally contribute towards repairing the canal or ditch into which or through which the petitioner drains water from his land.

It is then stated in the former opinion: "In the light of these provisions, it may be assumed that, since there was litigation in respect thereto, Joseph Keys, the predecessor in title of defendant, in exercising the right to cut into the canals of plaintiffs, did so under, and pursuant to the provisions of the statute granting such right—G.S. 156-10. And if Joseph Keys did not initiate such proceeding, it may be assumed that the assessment of damages in the litigation to which reference is made in the record was made under the provisions of the statute."

The former opinion then went on to say: "Nevertheless, the record and case on appeal fail to show the proceeding, or report of commissioners, or that commissioners assessed and apportioned the labor which he, the said Joseph Keys, should contribute towards repairing the canal into or through which he drained the water from his land. Hence it seems expedient that the cause be remanded for the ascertainment of the facts

in these respects. And if it should appear either that in the proceedings had no commissioners were appointed in accordance with the statute, or that commissioners were appointed and failed to assess and apportion the labor which Joseph Keys should contribute, as aforesaid, the petition filed by the petitioners in the proceeding in hand may be considered a motion in the cause,—and the rights of the parties determined in accordance with law and justice."

It now appears as a fact found by the court that, though Joseph Keys, defendant's predecessor in title, during the summer or fall of 1928, did construct a large canal several miles in length, 20 feet wide and 6 feet deep, for the purpose of draining his land, the Hudnell land, and other lands owned by him, and did cut the canal, so constructed by him, into the Sawyer Canal, petitioners' named drainway, thereby diverting and turning into petitioners' drainway large volumes of water that had never theretofore flowed therein, there was no proceeding in court by which Joseph Keys acquired the right to do so. Hence the direction in the former opinion that the facts in respect to such a proceeding be ascertained came to nought. The proceeding then reverted to consideration of defendant's exceptions to the judgment of the clerk confirming the report and supplemental report of the commissioners,—petitioners having moved for confirmation of the clerk's judgment. The judgment from which this appeal is taken followed.

In this connection, this Court declared in *Staton v. Staton,* 148 N.C. 490, 62 S.E. 596, referring to a proceeding similar to that in hand, that "these proceedings are not highly technical, but are intended to be inexpensive and to be moulded from time to time, by the orders of the court, as may best promote the beneficial results contemplated by the statute."

And it is observed that in *Adams v. Joyner,* 147 N.C. 77, 60 S.E. 725, it is said: "While the several statutes, passed at different times, to provide for the drainage of the swamp lands of Eastern North Carolina have not in all respects the same provisions, they have been collected and are found in the Revisal of 1905, in Chapter 88. They should, as far as practicable, be so construed as to harmonize, and constitute with such variations as they contain, a system of drainage laws for the State. Their constitutionality has been settled by several decisions of this Court." The statutes comprising Chapter 88 of the Revisal of 1905, are now embodied in Chapter 156 of the General Statutes of North Carolina.

Moreover, in *Staton v. Staton, supra,* the Court had this further to say: "This is in effect a motion in the cause. From the nature of the proceeding, the judgment in 1886 is not a final judgment, conclusive of the rights of the parties for all time, as in a litigated matter. But it is a proceeding *in rem,* which can be brought forward from time to time,

upon notice to all the parties to be affected, for orders in the cause, dividing (as here sought) the amount to be paid by each of the new tracts into which the former tract has been divided by partition or by sale; to amend the assessments, when for any cause the amount previously assessed should be increased or diminished, for repairs; for enlarging or deepening the canal or for other purposes, or to extend the canal and bring in other parties. It is a flexible proceeding, and to be modified or moulded by decrees from time to time to promote the objects of the proceeding. The whole matter remains in the control of the court. It is not necessary, however, to keep such cases on the docket, but they can be brought forward from time to time, upon notice to the parties, upon supplementary petition filed therein, and further decrees made to conform to the exigencies and changes which may arise."

In the light of the provisions of the Drainage Statute, Chapter 156 of General Statutes, so interpreted by this Court, applied to the factual situation in hand, it would seem that, in accordance with law and justice, the judgment from which this appeal is taken is "right in substance." *Taylor, C. J.,* in *Lanier v. Stone,* 8 N.C. 329.

Affirmed.